THOMAS, Justice.
The petitioner was injured in the course of her employment when a drill she was operating pierced her left hand at the base of the third finger enervating that finger and the fourth one. Compensation for temporary total disability, as well as medical care, was furnished for seven months, after which the employee was discharged, 6 November 1961, having reached maximum medical improvement with 20% permanent partial disability. This was recited in the order of the deputy commissioner of 23 May 1962.
The deputy commissioner found in that order that the claimant with “adequate perseverance” could regain partial use of her hand reducing the loss of use of the hand to thirty-five per cent.
The matter was next heard 26 March 1963 on a claim which was described by the deputy as one “in the nature of a Petition for Modification.” The claimant asserted that she had undergone such a change of condition that she totally lost the use of her arm for which she was entitled to compensation, or that she should be granted “a body as a whole disability rating,” or compensation for permanent total disability because of destruction of her wage-earning capacity. The employer-carrier said that the employee had suffered no change of condition hence was-entitled to no further benefits.
The deputy concluded that psychogenic factors had resulted in a loss of use of her hand to the extent of sixty-five per cent. This order was entered 17 April 1963.
All parties were unhappy about the outcome of the hearings before the deputy commissioner so the employer and carrier obtained a review by the Full Commission contending that the award was based on cumulative and subjective testimony which was not sufficient to show a change of condition. On the other hand, the employee argued by cross-petition that error was committed because the deputy did not determine either that the claimant suffered loss of total use of her hand or complete loss of earning capacity.
The Full Commission decided that the evidence was not sufficient to substantiate the employee’s position that there had been a change of condition, a burden she assumed, Nix v. Merrill-Stevens Dry Dock and Repair Co., Fla.App., 107 So.2d 616, since her own doctor said he could not testify to such change. Basically, noted the Commission, the only new factor was the subjective complaint of pain. It was observed that she had a “low threshold of pain” and as a consequence sheltered her arm against her stomach for fear of striking a solid object.
Actually, as we understand the situation, the asserted change arises because the deputy found that she would, or could, regain the use of her hand but did not. This is a sort of negative approach to the remedy provided by F.S.A. Sec. 440.28 of Workmen’s Compensation Law. In other words, it was not so much that her condition got worse but that it did not get better. Furthermore, the testimony seems to-indicate that the condition of the arm did not improve because the claimant was so persistent in failure to use it. And the deputy, himself, commented that “the testimony leads to the reasonable conclusion *745 that the psychogenic factors involved have produced a steady deterioration of the Claimant’s ability to use her left hand.”
We cannot follow the reasoning that by failing to improve the condition of her hand, a change in condition resulted from lack of improvement which would bring to her the remedy provided by Sec. 440.28, supra.
We think the Full Commission’s opinion was sound and the order of reversal is, therefore, affirmed and the cross-petition for certiorari is discharged.
ROBERTS, THORNAL and O’CON-NELL, JJ., concur.
DREW, C. J., dissents with opinion.