THORNAL, Justice.
We have for review by certiorari an order of the Florida Industrial Commission which reversed an order of a deputy who had awarded additional benefits to an employee because of a change in condition.
We must decide whether the deputy’s order was supported by competent substantial evidence and, if so, whether he ruled correctly in awarding interest.
On April 17, 1960, petitioner Sierra suffered a compensable injury. On May 31, 1962, he was awarded benefits for a 50% permanent partial disability of the body as a whole. July 28, 1961, was fixed as the date of maximum medical improvement. On September 6, 1962, a second deputy allowed Sierra to take his 50% disability benefits in lump sum and go to Puerto Rico. This he did. After an unsuccessful farming venture he returned to Dade County, Florida and petitioned for a modification of the original award. A third deputy denied the petition on July 1, 1963. He was affirmed by the Full Commission on January 27, 1964.
On February 13, 1964, Sierra filed a second petition for modification based on an alleged change of conditions. Hearings were held on June 1, 1965, and June 10, 1965. Finally, on September 1, 1966, a fourth deputy found a change of conditions and awarded an additional 30% permanent partial disability benefits. He computed the 30% to be 105 weeks at $34.20 per week for a total of $3,591.00. Then for no apparent reason, the deputy awarded the petitioner $215.46 as interest for one year at 6% on the lump sum. On December 29, 1967, the Full Commission, by a divided vote, reversed the deputy and directed dismissal of the matter.
Before proceeding to the merits, we must interpolate our concern regarding the unexplained, extensive delays reflected by this record. The pending petition for modification was filed by the employee on February 13, 1964. It was not heard until
*420 June 10, 1965, after which the order of the deputy was not entered until September 1, 1966, a delay of 14 months between hearing and order. We will indulge the assumption that there was some sound reason for these delays. However, a lapse of two years and seven months between the filing of a petition and the entry of an order disposing of it is at least inconsistent with the efficiency and dispatch expected in workmen’s compensation matters.
The Full Commission majority had the view that the award of the deputy was devoid of support in competent substantial evidence as mandated by our opinion in United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951). The dissenting Commissioner detected the presence of such evidence. Our examination of the record leads to an accord with the dissenter, and hence we quash the order of the majority.
In reviewing this record we are inclined to suggest that had we been in the position of the deputy we might have ruled otherwise. However, we were not in his position and the scope of our appellate authority does not permit us to re-evaluate the weight of the evidence and measure the soundness of the deputy’s order by that standard.
The petitioner, a Puerto Rican, apparently had some difficulty describing his condition. However) despite an excellent cross-examination by respondent’s attorney, Sierra did reveal that he had been suffering increased pain and a worsening of his condition in his shoulders, chest, neck and legs. He claimed increased difficulty in walking, sitting and bending. A treating physican was of the view that the man’s anatomical disability had increased from 15% to 30% between 1963 and 1965. An employment counsellor stated that claimant was completely unemployable in Dade County. An employee of the Industrial Commission Rehabilitation Department reported that the petitioner’s employment outlook had worsened, although his motivation remained extremely good.
The respondent questions the credibility and weight to be accorded the testimony of all of these witness. Again we say, if we were the deputy, respondent’s arguments would be most persuasive. However, we are not the trier of the facts. The evidence was competent and it meets the test of sufficient substantiality. De Groot v. Sheffield, 95 So.2d 912 (Fla.1957). The order of the Full Commission must therefore be reversed.
We come to the question of interest. For some unstated reason the deputy allowed interest for one year on the additional award figured in lump sum. The dissenting Commissioner would have measured the interest beginning at a point when the original award would have terminated if it had been paid in monthly installments (December 4, 1964) and ending at the date of the hearing of the instant petition, June 10, 1965. Inasmuch as the Full Commission must be reversed, we deem it advisable to dispose of the interest problem.
Fla.Stat. § 440.28, F.S.A. (1965) provides that when a modification order is entered “an award increasing the compensation rate may be made effective from the date of the injury, * * It appears to- us that the rule might vary when modification is allowed because of a change in conditions, as here, and when it is based on a mistake in determination of fact in the initial award. In the latter case the correction is effected to make amends for an error in the initial or former determination. In the former the new award is authorized because of some change that has occurred since entry of the former order.
In an order under § 440.28, supra, the deputy may designate a prior date from which the modifying order should be effective. This assumes that there will be evidence to support the designation. However, if he fails to specify a beginning date for the payment of the modified compensation, *421 as was the case here, then payment should begin from the date of the award. Under these circumstances this is the date when the payments become due. Interest will then run from the date of the award because there is no other factor determinant of when the award becomes due. Parker v. Brinson Const. Co., 78 So.2d 873 (Fla.1955); F.I.C. Rule of Procedure No. 19. See also, Stone v. Jeffres, 208 So.2d 827 (Fla.1968).
The order of the Full Commission is quashed and the cause is remanded with directions to reinstate the order of the deputy in all respects except as to his award of interest. The matter of interest shall be disposed of in accordance with the rule above announced.
It is so ordered.
CALDWELL, C. J., ROBERTS and ERVIN, JJ., and MASON, Circuit Judge, concur.