PER CURIAM.
We have for review an order of the Florida Industrial Commission which unanimously affirmed an order of a deputy who increased a disability rating with a finding that conditions had changed.
We have carefully studied the record and briefs. By a comprehensive order, with extensive findings, the deputy accepted the judgment of doctors who expressed the opinion that the physical condition of claimant had actually changed for the worse and supported a finding of an increased percentage of disability.
We are frank to state that had we been in the deputy’s place we might well have found otherwise. However, our review of the record compels us to conclude that this order is not totally lacking in competent substantial evidentiary support. It is true that the burden of proof to establish a change rests upon the claimant. Felix v. Lawnlite Company, 174 So.2d 743 (Fla.1965). This burden may be discharged by submission of competent, substantial evidence reflecting the change. The rules governing the acceptability and weight of evidence in the initial claim proceeding are equally applicable to a modification proceeding. We are not inclined to disturb the unanimous affirmance of the deputy by the full Commission.
We note in passing two matters which are not raised. We mention them only to record that they have not been overlooked. The deputy ordered that the increased allowance be applied retroactively to the date previously established for maximum medical improvement nearly six years earlier. We have not undertaken to evaluate the impact of this provision in the instant case because the point is not raised. In some instances, especially where permanent, total disability results from a change, such a provision could present difficult problems. Sierra v. Deauville Operating Co., 213 So.2d 418 (Fla.1968). Furthermore, in fixing the attorneys’ fee the deputy did not comply with our opinion in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968). Inasmuch as no objection on these grounds is raised by petitioner we will not act on them sua sponte.
The petition for certiorari is denied.
CALDWELL, C. J., and THOMAS, DREW, THORNAL and HOPPING, JJ., concur.