CULVER SMITH, Circuit Judge.
This cause is before us on petition for certiorari brought by the employer and carrier and on the cross-petition of the employee. Petitioners seek reversal of the order of the Florida Industrial Commission which reversed the order of the Judge of Industrial Claims denying a claim for nursing services by the wife of Respondent, Cross-petitioner. Cross-petitioner seeks reversal of a portion of the same order of the Commission which affirmed the denial of his claim for reimbursement of construction costs of an additional room to his home. The Petitioners will be referred to as the Carrier, and the Respondent, Cross-petitioner, as the Claimant.
Claimant suffered a compensable injury on April 9, 1963. He became a paraplegic with loss of bladder and bowel control. The Carrier accepted Claimant as being permanently and totally disabled and is making compensation payments. In addition, the Carrier provided a training and rehabilitation program to Claimant concerning his problems, including that of bowel control, and stands ready to provide further specialized training. After hospitalization, following a conference between the Claimant, the Carrier, an architect, and Claimant’s treating physician, the Carrier provided funds for the construction of a new bathroom specially equipped for his use.
The Claimant thereafter filed a claim seeking payment for nursing services of his wife, and for a new bedroom which he had caused to be built. The Judge of Industrial Claims denied both. As to that for nursing services, he found that in the Claimant’s condition at the time of the hearing there were unusual services rendered by the wife with reference to Claimant’s bowel control problem. In addition, however, he found that the Claimant had been trained in self care, but had not attempted to use this care and had allowed his ability to care for himself to diminish, and that this, together with his failure to take advantage of additional training offered by the Carrier, estopped him from securing payment of nursing care. The record contains testimony of two physicians supporting the facts set out above.
*520 This Court is firmly committed to the proposition that it is not the trier of facts in cases such as this and that the scope of its appellate authority does not permit it to re-evaluate the weight and credibility of the evidence, and to measure the soundness of the Judge of Industrial Claims’ Order by that standard. Sierra v. Deauville Operating Co., Fla., 213 So.2d 418.
With regard to the claim for reimbursement of the cost of building the additional room, we find no competent evidence that such a room was necessary under the provisions of the Workmen’s Compensation Act.
That portion of the Florida Industrial Commission’s Order reversing the denial of an award for nursing services is quashed with directions that the Order of the Judge of Industrial Claims with reference thereto be reinstated. That portion of the Commission’s Order affirming the Order of the Judge of Industrial Claims with reference to the claim for the extra room is affirmed, and the cross-petition filed by the Claimant is discharged.
Affirmed in part and reversed in part.
DREW, CARLTON and ADKINS, JJ., concur.
ERVIN, C. J., concurs specially with opinion.