MILLS, Judge.
Agrico Chemical Co. and Crawford Risk Management Services (E/C) appeal from an order of the deputy commissioner on remand granting claimant Tucker’s petition for modification and finding that he was entitled to permanent total disability benefits commencing from the original date of maximum medical improvement (MMI), 25 April 1978. We affirm in part and reverse in part.
Tucker injured his back in a 7 February 1977 industrial accident. In a compensation order entered on 2 June 1980, the date of MMI was stipulated to be 25 April 1978 and, based on the opinion of Dr. Taxdal, Tucker was found entitled to permanent partial disability benefits thereafter based on 25% permanent physical disability. The 2 June 1980 order was not appealed in any respect.
On 1 June 1982, Tucker filed a petition for modification of the 1980 compensation order based on an alleged change in condition. In support of the petition, Tucker presented the opinions of numerous doctors, who had examined him since the 2 June 1980 order, that he was permanently totally disabled (PTD). In fact, based on a 13 June 1983 medical opinion to that effect, the E/C had accepted Tucker as PTD and commenced paying commensurate benefits. However, after Tucker was re-examined by Dr. Taxdal in February 1984, who opined that his impairment remained unchanged, the E/C controverted PTD benefits. It was based on this opinion by Dr. Taxdal that the deputy initially denied the petition for modification.
Tucker appealed that denial to this court, which reversed and remanded, finding that the deputy's conclusion that Tucker suffered no change in his compensable physical impairment was not supported by the evidence referenced in his order. Tucker v. Agrico Chemical Co., 476 So.2d 729 (Fla. 1st DCA 1985). The court found that even Dr. Taxdal’s opinion supported in substance a finding of material change in Tucker’s condition over the years in question, and thus that the record evidence in aggregate “compel[led] a conclusion that claimant suffered a change in physical condition sufficient to require the issuance of a new compensation order based on present conditions.” Tucker at 732.
After remand, a hearing was held at which no new evidence was presented. Based on the same record on which modification was initially denied, the deputy entered an order holding that competent substantial evidence supported a finding that Tucker was now permanently totally disabled and entitled to PTD benefits. He further concluded that Tucker was entitled to such benefits from the initial maximum medical improvement date of 25 April 1978, with credit to the E/C for permanent partial benefits paid after that date. We find no error in the latter two points raised by appellants, but hold that the deputy erred in establishing as the effective date of the modification, the original date of maximum medical improvement.
Section 440.28, Florida Statutes (1977), provides that an award of increased benefits as a result of modification proceedings may be made effective from the date of the injury. In Sierra v. Deauville Operating Co., 213 So.2d 418 (Fla.1968), the court acknowledged this provision, stating that, assuming there is evidence to support the designation, the deputy may designate a prior date from which a modification order should be effective. Sierra at 420 (emphasis in original). However, the court appears to qualify its holding with respect to modifications based on a change in condition:
It appears to us that the rule might vary when modification is allowed because of a change in conditions ... and when it is based on a mistake in determination of fact in the initial award. In the latter case, the correction is effected to make amends for an error in the initial or former determination. In the former *674 the new award is authorized because of some change that has occurred since entry of the former order.
Sierra at 420 (emphasis supplied).
Similar reservations were expressed in Fred Howland, Inc. v. Rutkauskas, 216 So.2d 201 (Fla.1968), where the court, addressing a modification based on change in condition, noted that:
The deputy ordered that the increase allowed be applied retroactively to the date previously established for maximum medical improvement nearly six years earlier. We have not undertaken to evaluate the impact of this provision in the instant case because the point is not raised. In some instances, especially where permanent, total disability results from a change, such a provision could present difficult problems.
Howland at 202 citing Sierra (emphasis supplied).
Finally, in Maier v. House of Prime Ribs, Inc., IRC Order 2-3027 (September 2, 1976) cert.den. 353 So.2d 676 (Fla.1977), the Industrial Relations Commission addressed the modification of an order which had established MMI at 12 April 1971 and awarded permanent partial benefits thereafter based on 10% permanent partial disability. In granting a petition for modification of the order, the Judge of Industrial Claims found that the claimant was permanently totally disabled and had been since she first reached maximum medical improvement on 12 April 1971. The IRC approved the finding of a change in condition, but reversed and remanded for further proceedings as to the effective date:
The Judge must find when her condition changed so as to again render her temporarily totally disabled, when she next reached maximum medical improvement following the ordered treatment, what her then increased ... disability may be because of her changed condition, and the combined impact of all pertinent criteria on her current wage earning capacity. The Judge cannot ignore these intermediate steps and condense them into a finding of 100% loss of wage earning capacity. The fact the parties apparently stipulated maximum medical improvement was reached April 12, 1971 does not preclude a second maximum medical improvement date occurring after treatment for the changed condition.
Maier at p. 4 (emphasis supplied).
In the instant case, based on Taxdal’s testimony of a 25% permanent impairment, and Tucker’s various physical limitations, the D/C entered an order on 2 June 1980 finding entitlement to PPD benefits based on 25% impairment to the body as a whole. No part of this order was appealed. On 1 June 1982, Tucker petitioned for modification of the 1980 order, alleging that there had been “a change in condition in the Claimant since the date of the last hearing in that the Claimant’s physical impairment has increased over and above that which has been established in the prior hearing in that his condition has deteriorated” (emphasis supplied). Therefore, the modification was clearly sought and granted based on a change in condition since the first impairment was established. While some prior date may be established for modification, Sierra, that date must be supported by the evidence.
Here, Tucker’s condition as it existed on 2 June 1980, after the passage of time and medical treatment since his 1977 accident, was established at 25% permanent partial disability by the unappealed 2 June 1980 order. Therefore, we find that the deputy’s holding that Tucker has been PTD since the original MMI date is not supported by the record evidence, and remand for a determination, based on the evidence already taken and on such other evidence as the D/C may require, of the date on or after 2 June 1980 on which the modification should be effective.
SMITH, C.J., concurs.
ERVIN, J., concurs and dissents with opinion.