389 P.2d 854

**C. T. THOMPSON, Plaintiff-Appellant,**

v.

**Earl GETMAN, Clarence Getman and Arthur Stine, Defendants in the Alternative-Appellees,**

**Lincoln National Security Corporation, Defendant in the Alternative-Appellee.**

**No. 7353.**

Supreme Court of New Mexico.

Feb. 24, 1964.

James M. H. Cullender, Thomas B. Forbis, Roswell, for appellant.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellees.

COMPTON, Chief Justice.

The plaintiff filed a claim under the Workmen's Compensation Act seeking compensation for a back injury alleged to have been sustained by him on February 26, 1961, as the result of a fall from a tree while chopping tree limbs to obtain timber for mine bulkheads. The plaintiff named as his employers the individual defendants as joint venturers in the operation of a mining claim, or, in the alternative, the defendant corporation.

The cause was tried to the court and from a judgment dismissing his claim the plaintiff appeals, charging numerous errors by the trial court which are presented here under four separate points.

As we interpret the many findings of the trial court, and viewing them as a whole, basically the court found that the workman did not sustain an accidental injury arising out of and in the course of his employment, irrespective of the status of his employer.

The fact thus found is the fact upon which the case rests upon appeal unless set aside as not supported by substantial evidence. And in determining the substantiality of the evidence we must view the evidence, together with all reasonable inferences to be deduced therefrom, in the light most favorable to the successful party. Scott v. Transwestern Tankers, Inc., 73 N. M. 219, 387 P.2d 327; Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1.

The only testimony concerning the occurrence of the accident which allegedly took place on a mining claim 9 miles east of Ancho, New Mexico, about 8:30 or 9:00 a. m. on February 26, 1961, is that of the appellant. He was employed about February 15, 1961, to do general labor in setting up a mill for processing ore. As to what he was doing at the time of the alleged accident, his testimony was:

"A. * * * They were using the trunks of these pine trees to build the bulkhead, to build a wall to stand up to push dirt around and McGregor had the power saw and he cut the trees down and I had an ax and I was to trim them, cut the limbs off of them and top them out and whenever I—it was muddy, there was snow on the ground and I slipped walking up the tree trunk and fell.

*    *    *    *    *    *

"A. Well, when I got up about six or eight feet, I slipped and fell."

There is a conflict in the evidence. No one saw the appellant fall. The only evidence of an accident comes from the appellant himself. He told his coworker, McGregor, that he had fallen off the tree and was going home and did so. Because of snow there was no work at the mining claim for the next 3 or 4 days. When work resumed, the appellant returned to his job but made no complaints of an injury or of pain. However, on being informed that he would be laid off that afternoon, he quit at noon instead. McGregor testified that he saw no signs of an accident and that the appellant did not complain to him of an injury or of pain. McGregor lived with the appellant, and he testified further that when he went home that evening he saw no signs of an injury or heard any complaints by appellant of pain then or at any time immediately thereafter. The same holds true in the case of the acting foreman, vice-president of defendant corporation, who having heard that appellant had fallen went to see him that evening. Several witnesses testified that when the appellant was paid for his services they heard him tell the foreman that he was not hurt but after some squabbling over wages claimed by him, he then remarked to the foreman that he would be sorry, that he would cause him a lot of trouble. In such a situation it was for the trier of the facts to resolve the conflicts in the evidence. Utter v. Marsh Sales Company, 71 N.M. 335, 378 P.2d 374; Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398. We think the evidence is substantial and amply supports the finding of the court. The court did not err in refusing to grant requested findings to the contrary. Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339; Allsup v. Space, 69 N.M. 353, 367 P.2d 531.

Other questions are raised here, but in view of the conclusions reached they need no discussion.

The judgment of the court below is affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.