CULVER SMITH, Circuit Judge.
Before us for review by Certiorari is an Order of the Florida Industrial Commission which reversed an Order of the Judge of Industrial Claims who awarded an employee temporary total disability and payment of medical and hospital benefits.
The Florida Industrial Commission was of the view that the Judge of Industrial Claims erred in finding that a representative of the carrier authorized treatment by certain physicians. The Commission further held, in its order of reversal, that the Judge of Industrial Claims should have indicated whether or not he found the employee to have suffered a symptoma-tology following her first low back surgery which may have continued after the industrial accident herein question, or whether or not her physical condition stems from her recent “unauthorized” surgery, (which was found to be authorized by the Judge of Industrial Claims).
The Petitioner, Repasky, suffered a com-pensable accident on September 6, 1965, requiring medical care. At the time of the hearing before the Judge of Industrial Claims, the Petitioner had not reached maximum medical improvement. The Respondents contested payment of the bills of Drs. Keedy, Aronson and Silverstein on the ground that there had been no authorization for their services. The only evidence bearing on this is the testimony of the Petitioner. On direct examination she was asked if she ever secured permission from anybody connected with her employment or the insurance carrier regarding treatment from any of the doctors. Her answer was:
“When Dr. Burch was still taking care of me, Mr. Hickson from the company’s insurance office came to see me at South *290 Miami Hospital and he wanted to know how I was, how I was getting along and he told me that anything at all I thought I needed that I was entitled to ask for. If I didn’t feel I was getting the right treatment and I couldn’t get them to do what I wanted them to, I should call him and he said I was entitled to any doctor in the United States or even in the world, if I wanted.”
On cross examination Petitioner was asked if Hickson said she could see any doctor she wanted to. Her answer was:
“He told me I could see any doctor in the world; if I wasn’t satisfied with the doctors I had, which I was not; I was laying in traction, getting shot with dope every three hours, and I laid that way for three weeks getting progressively worse instead of better and I complained about it and he said, ‘You don’t have to keep any doctor you are not satisfied with.’ ”
The foregoing constitutes all of the evidence produced bearing on the authorization for medical treatment. We must decide whether the deputy’s order was supported by competent substantial evidence. We find that it was. As this Court held in Sierra v. Deauville Operating Co., (Fla.) 213 So.2d 418, we are not the trier of the facts and the scope of our appellate authority does not permit us to re-evaluate the weight and credibility of the evidence and measure the soundness of the Judge’s order by that standard.
It is our opinion that the Florida Industrial Commission was also in error in remanding for further findings of fact. Since the finding of the Judge of Industrial Claims that the treatment and surgery was authorized is to be reinstated, the situation is controlled by Section 440.02(19) which states in part:
“ * * * [compensation for temporary disability and medical benefits provided by this chapter shall not be subject to apportionment under this subsection. * * * H
The Order of the Florida Industrial Commission is quashed and the cause is remanded with directions to reinstate the Order of the Judge of Industrial Claims. The petition for fees, filed herein by Petitioner’s attorneys, is granted in the amount of $350.00.
ERVIN, C. J., and DREW, CARLTON and ADKINS, JJ., concur.