635 P.2d 1323

**Fred MONTOYA, Plaintiff-Appellant,**

v.

**ANACONDA MINING COMPANY,
Defendant-Appellee.**

**No. 5012.**

Court of Appeals of New Mexico.

Oct. 15, 1981.

James G. Chakeres, Horton & Associates, Albuquerque, for plaintiff-appellant.

Carlos G. Martinez, James H. Johansen, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Judge.

This appeal arises out of a workmen's compensation claim made by Fred A. Montoya against his employer, the Anaconda Mining Company. Claimant Montoya was injured in an underground mining explosion at the company's P–10 Mine near Laguna, New Mexico.

The claimant was hospitalized for injuries to his eyes and lacerations to his face and upper body resulting from the accident. The defendant voluntarily paid workmen's compensation benefits and medical expenses of the claimant, but refused to pay the sum of $3,002.90 alleged by the claimant to have been incurred as the result of medical care provided by Dr. Jan Ydens. From a judgment disallowing claimant the award of such medical expenses and attorney's fees, plaintiff has appealed.

Appellant's attack on the findings and ruling of the trial court is subdivided into three sub-issues, contending: (1) that the trial court erred in its conclusion that plaintiff was under a duty to defer to the choice of a medical doctor furnished by his employer; (2) that the court erred in its determination that defendant was not responsible for the payment of plaintiff's medical care by Dr. Ydens even though defendant had knowledge of his ongoing treatment; (3) that plaintiff, if entitled to recover for such medical treatment, should also be awarded reasonable attorney's fees and costs.

Because appellee has challenged the validity of this appeal, a brief discourse concerning the procedural history of this case is essential to an understanding of how it has arrived before this court.

The plaintiff filed suit to recover workmen's compensation benefits in December, 1979. Thereafter the defendant moved for summary judgment on the basis that plaintiff's suit was premature because the defendant was currently furnishing maximum workmen's compensation benefits and medical and related payments to the plaintiff at the time of the filing of such suit. Following a hearing, the trial court entered an order granting partial summary judgment, without prejudice, as to the plaintiff's claim for compensation and disability benefits. The trial court, however, denied summary judgment as to plaintiff's claim for unpaid medical expenses. The plaintiff filed a notice of appeal from the order granting partial summary judgment.

During the pendency of the first appeal, plaintiff filed a motion before the trial court for leave to file a first amended complaint, realleging therein all of the allegations of the initial complaint and seeking to assert in addition a new claim for added workmen's compensation benefits because of alleged safety violations on the part of defendant. Plaintiff also filed a motion seeking a rehearing of the summary judgment issues. Defendant filed a motion to strike plaintiff's first appeal on the ground that the appeal was premature, and filed a motion to strike plaintiff's first amended complaint.

The plaintiff moved to dismiss voluntarily his first appeal, and thereafter the trial court held an evidentiary hearing on the issues that remained in plaintiff's initial complaint after the court's order granting partial summary judgment. Following the hearing before the court, the parties submitted requested findings of fact and conclusions of law, and the court entered a written decision on September 17, 1980, adopting findings of fact and conclusions of law.

Specifically the court found that defendant did not authorize the plaintiff to seek medical treatment from Dr. Jan Ydens and that Anaconda had been providing plaintiff with reasonable and necessary medical treatment. The court found that plaintiff was seen by Dr. Ydens at the request of plaintiff's attorney and without authorization of defendant. The court found also that the plaintiff was not entitled to attorney's fees and that plaintiff's suit was filed prematurely since plaintiff was receiving full compensation benefits at the time suit was filed. The court entered a judgment "without prejudice," on October 1, 1980, in conformity with its written decision.

The plaintiff filed his second appeal herein four days after the entry of the trial court's order of October 1, 1980. Since the court's order was entered "without prejudice," apparently the plaintiff looked upon the court's judgment as leaving unresolved plaintiff's rights to litigate certain other issues raised in the first amended complaint. The plaintiff sought a hearing on the claim of alleged safety violations and

failed to appear on the date set by the court. The failure of plaintiff and his counsel to appear at such hearing resulted in the entry by the court of an order on November 24, 1980, decreeing that "the first amended complaint and the issue of safety violations by [sic] of the plaintiff and all causes of action contained therein are hereby dismissed with prejudice." The plaintiff filed a third appeal from the November order on January 5, 1981.

Prior to the entry of plaintiff's third notice of appeal filed during the proceedings below, the trial court conducted a hearing on defendant's motion to dismiss plaintiff's second appeal. At the conclusion of this motion hearing, the court entered an order finding that the October 1, 1980, judgment entered by the court was a final judgment subject to appeal by plaintiff, and denying defendant's motion to dismiss such appeal.

I. *Propriety of the Appeal*:

We address initially the threshold issue posed by appellee concerning the efficacy of this appeal. Specifically, appellee contends that the court's judgment entered on October 1, 1980, was not a final judgment and that appellant failed to properly perfect an interlocutory appeal as required by our Rule 54(b)(1), N.M.R.Civ.P.

Appellee argues also that since the court's order dismissing plaintiff's claims was entered "without prejudice," it did not constitute a final judgment. It has been held that the entry of an order of dismissal "without prejudice" does not constitute a final order since it ordinarily imports further proceedings. *Ortega v. Shube*, 93 N.M. 584, 603 P.2d 323 (Ct.App.1979); *Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App.1977); *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (Ct.App.1976).

For a judgment entered upon fewer than all the claims pending to constitute a judgment from which an appeal can be taken, the court must expressly determine that "there is no just reason for delay," as required by Rule 54(b)(1). The rule further provides in applicable part:

In the absence of such determination, [no just reason for delay] any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

Rule 54(b)(1), N.M.R.Civ.P., does not prohibit piece-meal interlocutory appeals, but permits them with the expressly stated approval of the trial court in limited instances, even though the order technically lacks finality. *Central-Southwest Dairy Coop. v. American Bank of Commerce*, 78 N.M. 464, 432 P.2d 820 (1967). A decision that is "final" within the ambit of Rule 54(b)(1) does not necessarily mean the last order possible in a case. Whether a decision is final may be at times a close question since it is difficult to devise a formula to resolve all marginal issues coming within the scope of finality. *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); *Central-Southwest Dairy Coop. v. American Bank of Commerce*, supra.

In *Johnson v. C & H Construction Co.*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967), the test of a final order was stated. There, the court held in applicable part:

[A]ppellate review is limited to a final order or judgment. A judgment or order is not final unless all the issues of law and of fact necessary to be determined, were determined, and the case completely disposed of so far as the court has power to dispose of it. *Floyd v. Towndrow*, 48 N.M. 444, 152 P.2d 391 (1944); *Hall v. Lea County Elec. Coop.*, 76 N.M. 229, 414 P.2d 211 (1966). In determining whether there is a final judgment or order, we look to the substance and not form of the judgment or order. *Rio Arriba County Bd. of Education v. Martinez*, 74 N.M. 674, 397 P.2d 471 (1964).

78 N.M. at 425, 432 P.2d at 269.

■ Tested by the standard enunciated in *Johnson v. C & H Construction Co., supra*, we conclude that the court's order of October 1, 1980, and the appeal therefrom was not in fact a final order.

**4**

The language of the order appealed from, declaring that the allegations of plaintiff's original complaint are "dismissed without prejudice" does not constitute a final appealable order. *Armijo v. Co-Con Const. Co.*, 92 N.M. 295, 587 P.2d 442 (Ct.App. 1978), cert. denied 92 N.M. 260, 586 P.2d 1089; *Ortega v. Shube*, supra; *Ortega v. Transamerica Ins. Co.*, supra. The order which is the subject of this appeal is fatally defective as a final order in two important respects: (1) the order was entered "without prejudice," and (2) the order fails to contain a determination by the trial court under Rule 54(b) that there is no just reason for delay in the prosecution of such appeal.

Although the trial court subsequently denied defendant's motion to dismiss plaintiff's second appeal, and entered an order adjudicating plaintiff's appeal to be from a "final order," the rule is well settled in this jurisdiction that "a dismissal of a complaint without prejudice is not a final order and is not appealable. *Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App. 1977), Sutin, J., dissenting. The effect of a dismissal without prejudice implies further proceedings. * * * " *Armijo v. Co-Con Const. Co.*, supra.

Following the entry of the court's order of October 1, 1980, plaintiff filed a motion seeking a hearing on plaintiff's first amended complaint and the trial court scheduled a hearing thereon. We think such action on the part of the parties supports the conclusion that the order which is the subject of this appeal was in fact interlocutory in nature. Appellant has failed to comply with the requirements of Rule 54(b) in order to perfect an interlocutory appeal.

Even in the absence of a challenge to the sufficiency of an interlocutory appeal, an appellate court will on its own motion dismiss a defective appeal on jurisdiction grounds. *Baca Land & Cattle Co. v. New Mexico Timber, Inc.*, 384 F.2d 701 (10th Cir. 1967). The federal rule, similar to our state rule, is discussed in 10 Wright & Miller, Federal Practice & Procedure § 2660, at 82 (1973):

For an appeal to be perfected * * * that falls within the ambit of Rule 54(b), the district court must make an express "direction for the entry of judgment" and a "determination that there is no just reason for delay." For simplicity of exposition, the combination of the direction and determination can be referred to as a "certification" that a particular judgment is ripe for review. This certification is an essential prerequisite to an appeal.

In the absence of a Rule 54(b) certificate any order or other form of decision, however designated by the court, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties under Rule 54(b). The second sentence of the rule expressly states that any order failing to qualify under the rule is subject to revision at any time prior to the entry of a final judgment adjudicating the entire action. Therefore, an appeal from a decision adjudicating a portion of the case must be dismissed. Indeed, in the absence of a Rule 54(b) certificate, the appeal must be dismissed even though the parties do not object to the lack of a certificate. This approach is in keeping with the principle that the parties cannot confer jurisdiction upon an appellate court simply by failing to object to a jurisdictional defect.

Appellee's challenge to the propriety of appellant's appeal herein is well taken. Although we have determined that the order appealed from was not a final order, thus importing further proceedings, in order to avoid further appeals arising out of the same issues, we address the substantive issues briefed.

II. *Employer's Obligation To Furnish Medical Care :*

Each of appellant's three points asserted in this appeal focuses on the central issue of whether the trial court committed error in denying claimant's medical bills for treatment by Dr. Jan Ydens. We discuss such issues jointly.

Appellant concedes that the established rule in this jurisdiction is that an employee injured in a compensable job related accident may not ordinarily incur medical expenses for which an employer is to be held responsible under the Workmen's Compensation Act without first giving the employer a reasonable opportunity to furnish such services. *Valdez v. McKee*, 76 N.M. 340, 414 P.2d 852 (1966); *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977), cert. denied, 90 N.M. 254, 561 P.2d 1347; *Provencio v. New Jersey Zinc Co.*, 86 N.M. 538, 525 P.2d 898 (Ct.App. 1974), cert. denied 86 N.M. 528, 525 P.2d 888.

The problems inherent in cases involving the furnishing of medical services to injured workmen are the subject of increasing litigation. As noted in 2 A. Larson, Workmen's Compensation Law, § 61.12(b), at 10–683 (1981):

The perennial controversy on the "choice of doctor" is the result of necessity of balancing two desirable values. The first is the value of allowing an employee, as far as possible, to choose his own doctor. * * * The other desirable value is that of achieving the maximum standards of rehabilitation by permitting the compensation system to exercise continuous control of the nature and quality of the medical services from the moment of injury. * * *

The attempt to balance these two values has led to one of the stormiest issues in the history of workmen's compensation * * *

The rule in New Mexico relating to the duty of an employer to furnish reasonable medical care and treatment to an injured workman stems from the Workmen's Compensation Act, § 52–1–49, N.M.S.A. 1978. This section of the act directs that "[a]fter injury, and continuing so long as medical or surgical attention is reasonably necessary, the employer shall furnish all reasonable surgical, physical rehabilitation services, medical, osteopathic, chiropractic, dental, optometry, and hospital services and medicine unless the workman refuses to allow

them to be so furnished * * *." The same statute further provides:

B. In case the employer has made provisions for, and has at the service of the workman at the time of the accident, adequate surgical, hospital and medical facilities and attention and offers to furnish these services during the period necessary, then the employer shall be under no obligation to furnish additional surgical, medical, or hospital services or medicine than those provided; . . .

Although acknowledging this general rule, appellant argues that the rule is subject to certain recognized legal exceptions and that two such exceptions are applicable under the facts of this case. Specifically appellant asserts:

*First*, that if there are exigent circumstances constituting an emergency, and medical services are not otherwise available to the workman, he may make suitable independent arrangements at the employer's expense; *Second*, that if the medical services offered by the employer are not adequate, then an employee is entitled to reimbursement for additional medical expenses incurred for proper diagnosis and treatment without a prior express demand being made on the employer.

New Mexico has previously recognized the existence of certain exceptions to the general rule limiting an employee's right to seek independent medical treatment at the employer's expense where the employer has indicated a willingness to furnish such treatment. These exceptions include situations where the employer, although passively expressing a willingness to furnish medical treatment, fails to do so in fact, *Garcia v. Genuine Parts Co.*, supra; where the employer has not actually refused medical services but has failed to make arrangements in advance, *Trujillo v. Beaty Elec. Co., Inc.*, 91 N.M. 533, 577 P.2d 431 (Ct.App.1978); *Johnson v. Armstrong & Armstrong*, 41 N.M. 206, 66 P.2d 992 (1937); and in cases where the employer, although

indicating a willingness to furnish medical and surgical aid, has failed to make suitable arrangements for such care in cases of emergency. *Trujillo v. Beaty Elec. Co., Inc.*, supra; *Johnson v. Armstrong & Armstrong*, supra.

Larson in his treatise, Workmen's Compensation Law, Vol. 2, §§ 61.12(d), (g), 10–692 to –707, 10–711 to –714, notes the existence of other additional exceptions to the general rule. These encompass situations: (1) where an employee has initially justifiably engaged a doctor on his own, followed by a belated attempt by an employer to cut off the right of the employee to continue with the employee's doctor, *Zeeb v. Workmen's Comp. App. Bd.*, 67 C.2d 496, 62 Cal.Rptr. 753, 432 P.2d 361 (1967); *Voss v. Workmen's Comp. App. Bd.*, 10 Cal.3d 583, 111 Cal.Rptr. 241, 516 P.2d 1377 (1974); (2) where the medical services offered by the employer are not adequate, *Travelers Ins. Co. v. Hernandez*, 276 F.2d 267 (5th Cir. 1960); and (3) where the employer has expressly or impliedly authorized the employee to incur such medical expenses. *Repasky v. Junior's Restaurant*, 224 So.2d 289 (Fla. 1969); see *Smith v. Industrial Comm'n.*, 5 Ariz.App. 331, 426 P.2d 667 (1967).

Appellant argues that the additional exceptions recognized above are applicable in the case at bar. In considering such claims, we cannot rigidly apply the general rule limiting the right of an employee to obtain his own medical care and treatment at the employer's expense under the facts of every case. To do so would defeat the beneficial purpose of the statute, (§ 52–1–49 N.M. S.A., 1978). We are mindful also that the provisions are remedial in nature and must be construed liberally. *Clark v. Electronic City*, 90 N.M. 477, 565 P.2d 348 (Ct.App. 1977); *Gonzales v. Chino Copper Co.*, 29 N.M. 228, 222 P. 903 (1924).

█ While appellant's arguments are sound as to the legal efficacy of the additional exceptions urged by him and recognized in other jurisdictions, where appellant's claims must fall, however, is in the nature of the evidence presented below. Our review of the record indicates that there was substantial evidence before the trial court to support the trial court's findings against appellant. Substantial evidence has been defined to mean such relevant evidence as a reasonable mind might accept as adequate support for a conclusion. *Anaconda Co. v. Property Tax Dept.*, 94 N.M. 202, 608 P.2d 514 (Ct.App.1979), cert. denied 94 N.M. 628, 614 P.2d 545; *Den-Gar Enterprises v. Romero*, 94 N.M. 425, 611 P.2d 1119 (Ct.App.1980), cert. denied 94 N.M. 628, 614 P.2d 545.

Evidence in the record indicates that immediately upon plaintiff's hospitalization, the defendant's employer furnished hospital and medical care. Plaintiff was treated in the hospital by Dr. Jerry Rubin. Following plaintiff's release from the hospital, he was given follow up medical care by Dr. Rubin for approximately one year. The plaintiff continued to avail himself of services furnished by defendant's doctor, and simultaneously secured independent medical care from his own doctor. Evidence in the record also supports the trial court's finding that the medical service provided by defendant was adequate. Although the plaintiff presented conflicting evidence to each of the challenged findings of the court, it is for the trier of fact to resolve the conflicts. *Thompson v. Getman*, 74 N.M. 1, 389 P.2d 854 (1964).

Under the facts as contained in the record in this case, the trial court had substantial evidence to support its findings.

III. *Claim for Attorney's Fees and Costs :*

█ Appellant's final contention is that he is entitled to an award of attorney's fees and costs. This court has held that recovery of medical expenses in a contested workmen's compensation suit entitles the claimant to an award of attorney's fees. *Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975); *Scott v.*

*Transwestern Tankers, Inc.*, 73 N.M. 219, 387 P.2d 327 (1963); *Minnerup v. Stewart Bro. Drilling Co.*, 93 N.M. 561, 603 P.2d 300 (Ct.App.1979). The award of attorney's fees, however, must be predicated upon a successful recovery by the claimant of workmen's compensation or other medical or related benefits to which the workman is entitled under the Workmen's Compensation Act. Since appellant has failed in his contentions below and this court finds no error in the trial court's determination, the request for attorney's fees and costs must be denied.

The judgment of the trial court is affirmed.

LOPEZ and WALTERS, JJ., concur.