824 P.2d 315

**HIGHLANDS UNIVERSITY, STATE OF NEW MEXICO, Claimant–Appellant,**

v.

**Lawrence BACA, Respondent–Appellee.**

**No. 12996.**

Court of Appeals of New Mexico.

Aug. 1, 1991.

Certiorari Granted Sept. 11, 1991.

Nancy R. Long, Herrera, Baird & Long, P.A., Santa Fe, for claimant-appellant.

Benito Sanchez, Benito Sanchez, P.A., Albuquerque, for respondent-appellee.

## OPINION

HARTZ, Judge.

Highlands University (Highlands) appeals from an attorney fee award in a worker's compensation case. Our third calendar notice proposed summary reversal. Appellee Lawrence Baca (worker) filed a memorandum in opposition. We are not persuaded and reverse.

Highlands began paying worker total temporary disability benefits in November 1985. While continuing to pay the same benefits, Highlands filed a claim in May 1990 to decrease or suspend worker's benefits and to receive a credit for benefits paid. After a hearing, the worker's compensation judge (WCJ) found worker to have been fifty percent permanently partially disabled as of March 1, 1990, and granted Highlands a credit for excess benefits paid since that date. Worker also recovered some medical expenses. Pursuant to NMSA 1978, Section 52–1–54(E) (Orig. Pamp.), worker was awarded $12,000 in attorney fees. The WCJ explicitly based the award in part on a finding that Highlands' claim placed worker's past benefits in jeopardy.

■ Highlands has abandoned two issues originally raised on appeal. *See State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App.1982). The remaining question is whether the attorney fee award was excessive in view of the present value of the award to worker. *See* NMSA 1978, § 52–1–54(D)(2) (in determining what would be a reasonable attorney fee, decisionmaker must take into account the present value of the award made in the worker's favor). The answer turns on whether the past benefits should be included in calculating the present value of the award.

■ Because Highlands' payment of temporary disability benefits over a four-year period was voluntary and preceded any involvement by worker's attorney, worker's attorney cannot be credited with recovery of those past benefits. Nevertheless, if counsel preserved past benefits for worker, those benefits may be included in determining the present value of the award

for the purpose of computing attorney fees. *See Jaramillo v. Kaufman Plumbing & Heating Co.*, 103 N.M. 400, 406, 708 P.2d 312, 318 (1985).

Worker contends that even though Highlands was seeking a credit for overpayments as opposed to a refund, his past benefits were placed in jeopardy because preservation of past benefits is essential to preservation of future benefits. He points out that if, for example, the WCJ decided that the amount of past overpayments and the amount of future benefits were equal, he would not receive any future benefits. We disagree with worker's analysis.

In the present case absolutely no action at all was required to ensure retention of the past benefits. If worker had acquiesced entirely in Highlands' claim, his past benefits would not have been affected. When litigating leads to no better result for worker than if he had capitulated at the outset, the services provided by counsel do not render any financial benefit to worker. *See Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 635 P.2d 1323 (Ct.App.1981). The financial benefit to worker is the improvement in the award above what he would have received if he had capitulated. That benefit here is the medical fees awarded plus the disability benefits for the period after Highlands filed its claim.

Since the WCJ miscomputed the present value of the amount that worker benefitted by his counsel's efforts, we hold that he abused his discretion in determining the amount of the award. *Cf. Escobedo v. Agriculture Prods. Co.*, 86 N.M. 466, 525 P.2d 393 (Ct.App.1974) (no abuse of discretion where mandatory statutory provisions are considered). We do not know, however, the weight that the WCJ gave to the value of the award in setting the attorney fee. Accordingly, we reverse the amount of the reward and remand for redetermination of worker's attorney fee.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.