824 P.2d 310

Lawrence BACA, Petitioner,

v.

HIGHLANDS UNIVERSITY, STATE OF NEW MEXICO, Respondent.

No. 20050.

Supreme Court of New Mexico.

Jan. 10, 1992.

Benito Sanchez, Albuquerque, for petitioner.

Herrera, Baird & Ares, Nancy R. Long, Santa Fe, for respondent.

## OPINION

FRANCHINI, Justice.

We granted certiorari to review one issue addressed by the court of appeals in *Highlands University v. Baca*, 113 N.M. 175, 824 P.2d 315 (App.1991). This issue concerns the calculation of an award of attorney fees pursuant to Section 52-1-54 of the New Mexico Workers' Compensation Act, NMSA 1978, Sections 52-1-1 to -69 (Orig. Pamp.). The court of appeals held that the worker's past benefits were not in jeopardy and, therefore, the workers' compensation judge erred when he computed attorney fees based in part on past benefits. We reverse the court of appeals and affirm the decision of the workers' compensation judge.

Lawrence Baca (worker) injured his lower back at work on November 18, 1985. His employer, Highlands University (Highlands), voluntarily paid total temporary disability benefits from the date of injury. On May 9, 1990, Highlands filed a claim to decrease or suspend worker's benefits. Other issues, including payment of medical bills and whether worker's temporomandibular joint condition was causally related to his injury, were to be addressed at a hearing. On the claim form, in answer to the question "What Are You Claiming?" (in addition to "Decrease or Suspend Workers' Compensation Benefits"), Highlands checked "Credit for Benefits Paid." Thus, based on the original application, Highlands sought without limitation a credit for past compensation against future compensation. Additionally, throughout the ensuing months and until the day before the hearing, Highlands took the position that all of worker's benefits were in jeopardy.

The day prior to the hearing, the parties stipulated and the workers' compensation judge ordered in a pretrial order that a contested issue was whether the employer was entitled to an offset against future compensation benefits for past benefits paid "from the date of maximum medical improvement." The parties stipulated as an uncontested fact that the date of maximum medical improvement was *no later* than January 26, 1990. This stipulation left the door open for Highlands to argue for an earlier date of maximum medical improvement and for getting a substantial portion of the benefits paid thereafter repaid through offsets against future benefits. After the hearing, the workers' compensation judge found worker to have been fifty percent permanently partially disabled as of March 1, 1990, and granted Highlands credit for excess benefits paid after that date.

Worker was awarded attorney fees in the amount of $12,000 pursuant to Section 52-1-54. The workers' compensation judge based his award in part on a finding that all of worker's benefits, including his past benefits, were in jeopardy because Highlands was requesting credit for benefits paid. The court of appeals held that worker's past benefits were not in jeopardy and stated that "no action at all was required to insure retention of the past benefits."

Attorneys are entitled to adequate compensation for work necessarily performed in workers' compensation cases. *See Sanchez v. Siemens Transmission Sys.*, 112 N.M. 533, 817 P.2d 726 (1991). The determination of what attorney fees are reasonable and proper in workers' compensation cases lies within the sound discretion of the workers' compensation judge. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 62, 582 P.2d 1270, 1275 (1978). "Only where the workers' compensation judge exceeds his or her discretion will an appellate court upset a fee award." *San-*

*chez,* 112 N.M. at 535, 817 P.2d at 728. The issue of how preservation of past benefits voluntarily paid by the employer should be treated in awarding attorney fees has not been specifically addressed by statute or case law. Therefore, we should be guided by principles of fundamental fairness. *Transport Indem. Co. v. Garcia,* 89 N.M. 342, 552 P.2d 473 (Ct.App.), *cert. denied,* 90 N.M. 9, 558 P.2d 621 (1976).

▪ We agree with the court of appeals that in determining whether the attorney fees were reasonable, the answer turns on whether the past benefits should be included in calculating the present value of the award. Under Section 52–1–54(D)(1), when determining what would be a reasonable attorney fee, the present value of the award made in worker's favor must be taken into account. It is true that Highlands was successful in establishing that worker's disability had diminished. Thus, if that was the only issue raised by Highlands, attorney fees should not have been awarded under the limitation in Section 52–1–54(E), which provides that attorney fees are awarded only if claimant is successful in establishing increased disability or the employer is unsuccessful in establishing that the claimant's disability has diminished. However, the jurisdiction of the workers' compensation division was invoked not only to determine whether worker's disability had diminished, but also to determine whether Highlands was entitled to credit for benefits already paid. This invocation by Highlands of the workers' compensation division's jurisdiction opened up the question of worker's disability from the date of injury forward and the question of whether worker was entitled to retain any benefits previously paid.

Section 52–1–54(D) states in relevant part:

> [I]n all cases where compensation to which any person shall be entitled under the provisions of the Workmen's Compensation Act shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing by an employer thirty days or more prior to the trial by the court of the cause, then the compensation to be paid the attorney for the claimant shall be fixed by the court ... in such amount as the court may deem reasonable and proper. . . .

We consider Highlands' request for credit for benefits paid, along with its denial of causation in worker's request for admissions, tantamount to a refusal under this section. Essentially, worker was required to justify prior compensation payments as well as his entitlement to future benefits. This is comparable to the refusal in *Paternoster v. La Cuesta Cabinets, Inc.,* 101 N.M. 773, 689 P.2d 289 (Ct.App.1984). In *Paternoster,* the court of appeals found a refusal where the employer was not paying all of the benefits to which the worker was entitled. *Id.* at 782, 689 P.2d at 298. In addition, the second requirement of Section 52–1–54(D) was met. The workers' compensation judge found that the only offer of settlement made by Highlands was made five days before trial, and the amount was substantially less than the benefits awarded to worker after trial.

We agree with the workers' compensation judge that Highlands' request for credit for benefits paid placed all past benefits in jeopardy. In its opinion, the court of appeals implies that the reason worker's past benefits were not in jeopardy was because a refund of past benefits (as opposed to a credit) was not sought by Highlands. This ignores the possibility that a worker could be required to refund past benefits by offsets against future benefits. In such a case, the past benefits would be in jeopardy every bit as much as they would be if a refund was sought, and a worker would be entitled to a fee award for the services of his attorney in preserving the past benefits.

▪ Furthermore, the stipulated pretrial order filed the day before trial did not limit the issue to benefits worker was entitled to from and after the date of maximum medical improvement, January 26, 1990. Essentially, the pretrial order listed the date of maximum medical improvement as "no later than January 26, 1990." The date of

maximum medical improvement was disputed and tried to the workers' compensation judge, who found it to be March 1, 1990. More importantly, throughout discovery Highlands denied the issue of causation and disability for any time following the injury on November 18, 1985. As late as October 1990, Highlands denied requests for admission on these issues. In its rejection of the mediator's recommended resolution, Highlands accused worker of committing fraud upon the workers' compensation division by working while collecting disability benefits. The workers' compensation judge was in the best position to determine whether the past benefits were in jeopardy, and he found that they were. In reviewing an award of attorney fees for abuse of discretion, the reviewing court should view, as it does in substantial evidence questions, the evidence in a light most favorable to support the trial court's determination. *See Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). We find substantial evidence to support the findings of the workers' compensation judge. Because the past benefits were being challenged, the workers' compensation judge properly considered them in arriving at the amount of attorney fees.

Finally, this opinion should not be interpreted as creating a disincentive against an employer's voluntary payment of benefits. We agree with the court of appeals that " 'voluntary payment of compensation benefits during the pendency of [compensation] proceedings ... is a matter of great importance to an injured worker and should not be discouraged.' " *Paternoster,* 101 N.M. at 777, 689 P.2d at 298 (quoting *Western Casualty & Sur. Co. v. Adkins,* 619 S.W.2d 502, 503–04 (Ky.Ct.App.1981)). The solution to this problem would have been for Highlands to limit its claim for credit, something that was not done in this case.

Based on the foregoing, we reverse the court of appeals and affirm the decision of the workers' compensation judge.

IT IS SO ORDERED.

RANSOM, Chief Judge and MONTGOMERY, J., concur.