888 P.2d 980

**COUNTY OF BERNALILLO and New Mexico County Insurance Authority, Employer–Appellant,**

v.

**Ruben SISNEROS, Claimant–Appellee.**

No. 14753.

Court of Appeals of New Mexico.

Dec. 1, 1994.

Thomas L. Kalm, Kalm Law Office, P.C., Albuquerque, for employer-appellant.

Thomas L. Grisham, Grisham & Lawless, P.A., Albuquerque, for claimant-appellee.

## OPINION

ALARID, Judge.

Bernalillo County (Employer) appeals the award of attorney's fees to Ruben Sisneros (Worker) after settlement of a workers' compensation case. Worker accepted Employer's settlement offer but reserved the right to litigate attorney's fees. The Workers' Compensation Judge (WCJ) awarded Worker $8,500.00 in attorney's fees pursuant to NMSA 1978, Section 52–1–54 (Repl. Pamp.1987). Employer raises two issues on appeal. The first issue is whether the WCJ abused his discretion in awarding attorney's fees because Worker received no additional benefit from the attorney's action. The second issue is whether the finding that Worker prevailed on major contested issues is supported by substantial evidence. We reverse the fee award and remand for a redetermination consistent with this opinion.

## FACTS

Worker was injured on August 14, 1987, while working as a heavy equipment operator for Bernalillo County. He filed a claim for benefits on May 11, 1990. Before Worker filed his claim, Employer was voluntarily paying 20% permanent partial disability to Worker in biweekly installments of approximately $78.22, and had offered $22,095.77 in full settlement.

In response to Worker's claim, Employer admitted that Worker was 20% disabled. The recommended resolution arising out of a June 11, 1990, mediation conference included 20% permanent partial disability for 500 weeks (approximately $19,685), certain vocational benefits, consideration of a lump sum settlement, and other benefits. Employer accepted and Worker rejected the recommended resolution.

After Employer successfully disqualified the first WCJ assigned to the case, Worker filed a peremptory challenge to excuse the next judge assigned to the case. Worker's challenge was stricken because it was not timely filed. The case went to formal hearing on November 20, 1990, on the issues of permanent partial disability, vocational rehabilitation, temporary total disability, and attorney's fees.

Employer, in its answer and requested findings of fact and conclusions of law, denied causation, asserted that Worker was only 10% disabled, and asked for credit against past benefits paid. Worker was only awarded 15% permanent partial disability at trial; he appealed the disqualification, temporary total disability, and vocational rehabilitation issues, and won a remand on the disqualifica-

tion issue only. Before the second formal hearing, Worker obtained employment and Employer filed an offer of compensation order for lump sum 20% permanent partial disability ($12,533.35) plus $2,500.00 lump sum future medical benefits. Worker accepted the offer, but reserved the issue of attorney's fees to be decided by the WCJ.

Worker, in his petition for attorney's fees, claimed counsel secured $20,286.63 in benefits. This number presumably arose from:

| | | |
|---|---|---|
| $12,533.35 | — | lump sum for future weekly payments |
| + 2,500.00 | — | lump sum for future medical payments [1] |
| $15,033.35 | — | settlement value |
| + 2,124.16 | — | past medicals (voluntarily paid by employer) |
| + 3,129.12 | — | past weekly benefits (voluntarily paid by employer) |
| $20,286.63 | | |

The WCJ found the value of the settlement to be between $15,033.35 and $20,286.63; he based his $8,500.00 attorney's fee award on the above numbers in addition to certain "*Fryar* factors." *See Fryar v. Johnsen*, 93 N.M. 485, 487, 601 P.2d 718, 720 (1979); *see also Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 336, 695 P.2d 483, 486 (1985).

*DISCUSSION*

■ In this case, we review the record for abuse of discretion in the WCJ's award of attorney's fees to Worker. Abuse of discretion constitutes an illogical and erroneous conclusion as to the facts and circumstances before the court, ignoring the reasonable, probable, and actual deductions which should be drawn. *Bustamante v. City of Las Cruces*, 114 N.M. 179, 181, 836 P.2d 98, 100 (Ct.App.), *cert. denied*, 114 N.M. 82, 835 P.2d 80 (1992). However, "[i]n the context of workers' compensation cases, abuse of discretion and the substantial evidence standard are inextricably intertwined. Each case is reviewed for abuse of discretion on its own merits with a view toward the substantiality of the evidence relied upon by the WCJ." *Id.*

■ Substantial evidence is that which a reasonable mind might accept as adequate to support a given conclusion. *Estate of Mitchum v. Triple S Trucking*, 113 N.M. 85, 91, 823 P.2d 327, 333 (Ct.App.), *cert. denied*, 113 N.M. 16, 820 P.2d 1330 (1991). Substantial evidence does not support the WCJ's determination of attorney's fees in this case.

A. *THE STATUTORY SUBSECTIONS*

■ One of the main purposes in fixing attorney's fees in workers' compensation cases is to avoid excessive legal costs which burden employers and insurers. *Woodson*, 102 N.M. at 337, 695 P.2d at 487. Unfortunately, the increased litigation over the proper interpretation of fee award standards has defeated the intended purpose. *Id.* The question in the present case is whether Worker's attorney was entitled to the attorney's fees awarded by the WCJ. A threshold inquiry posed by the parties is which subsection of Section 52-1-54 applies. This Court, in construing legislation, must ascertain and give effect to the intent of the legislature. *See Sun Country Sav. Bank v. McDowell*, 108 N.M. 528, 533, 775 P.2d 730, 735 (1989). In discussing the pertinent subsections of Section 52-1-54, we keep in mind that sections of statutes are not read in isolation. *Id.*

■ Worker contends that the relevant subsection for this Court to consider is 52-1-54(D), which provides in pertinent part that "[i]n all cases where compensation to which any person is entitled under the provisions of the Worker's Compensation Act *is refused* and the claimant shall thereafter collect compensation *through proceedings before the administration or courts*," the WCJ shall determine a reasonable attorney's fee based on certain enumerated factors. (Emphasis added.) However, *Woodson* held that the factors set out in Subsection D are inapplicable to cases in which the parties settle compensation issues, such as the present case. *Woodson*, 102 N.M. at 339, 695 P.2d at 489; *see also Tafoya v. Leonard Tire Co.*, 94 N.M. 716, 718, 616 P.2d 429, 431 (Ct.App.1980) (there must be a refusal to pay in order to gain an award under Subsection D; a plain-

---

1. Pursuant to Section 52-1-54(F), future medical benefits secured shall *not* be considered in determining attorney's fees.

tiff must also collect compensation via court proceedings). Settled cases instead fall under Subsection C, but may include consideration of the applicable *"Fryar* factors." *See Fryar,* 93 N.M. at 487, 601 P.2d at 720.

As Worker points out in his answer brief, the attorney's fee provision in Section 52–1–54(E) also does not apply. Subsection E applies only to actions "arising under the provisions of Section 52–1–56 NMSA 1978, where the jurisdiction of the workers' compensation administration is invoked to determine the question whether the claimant's disability has increased or diminished." NMSA 1978, Section 52–1–56 (Repl. Pamp.1987), states that "[t]he hearing officer may, upon the application of the employer, worker or other person bound by the *compensation order,* fix a time and place ... upon the issue of claimant's recovery." (Emphasis added.) No compensation order was in effect, and the Workers' Compensation Administration's jurisdiction was ultimately invoked to approve a settlement agreement and determine attorney's fees.

Subsections C and F are the relevant portions of Section 52–1–54. Section 52–1–54(C) requires that

> [i]n all cases where the jurisdiction of the administration is invoked to approve a settlement of a compensation claim ... the hearing officer shall determine and fix a reasonable fee for claimant's attorney, taking into account any sum or sums previously paid.

Worker and Employer ultimately settled this case after Worker's first appeal and before a new trial to determine compensation. Furthermore, pursuant to Section 52–1–54(F),

> the hearing officer shall consider only those benefits to the worker that the attorney is responsible for securing. The value of future medical benefits shall not be considered in determining attorneys' fees.

Case law has also provided additional factors to weigh when determining a reasonable fee. *See Woodson,* 102 N.M. at 336, 695 P.2d at 486 (factors supplement both Subsections C and D). Our recent case, *Leo v. Cornucopia Restaurant,* 118 N.M. 354, 881 P.2d 714 (Ct. App.1994), while providing helpful analysis on the attorney's fees issue, does not assist us in this case because we are concerned with an earlier version of the statute (Repl. Pamp.1987).

## B. *BENEFITS SECURED*

Employer offered a lump sum settlement of $22,095.77 before the filing of Worker's claim. Employer had been voluntarily paying 20% compensation, offered 20% before the claim, accepted the recommended resolution awarding 20% benefits and some vocational rehabilitation, and then tendered an offer of 20%. It may seem unfair that Employer should pay Worker's attorney's fees when Employer appears to have acted equitably but was forced to go into protracted litigation. However, Employer denied causation and requested credit for past benefits paid when faced with that litigation.

The principal argument against adding attorney's fees to a compensation award (against the norm of having litigants each pay their own attorneys) is that it may encourage unnecessary employment of counsel and unnecessary litigation. 3 Arthur Larson, *The Law of Workmen's Compensation* § 83.17 (1989). Though it appears that Worker received no additional *gain* from his attorney's efforts in litigation, recent New Mexico case law holds the protection of past benefits paid *to be* a benefit entitling Worker to attorney's fees.

This Court in *Highlands University v. Baca,* 113 N.M. 175, 176, 824 P.2d 315, 316 (Ct.App.1991), *rev'd,* 113 N.M. 170, 824 P.2d 310 (1992), took the position that "[w]hen litigating leads to no better result for worker than if he had capitulated at the outset, the services provided by counsel do not render any financial benefit to worker." However, our Supreme Court implicitly rejected that rationale. Employers' denial of causation and request for credit places past benefits in jeopardy; preservation of those benefits by an attorney entitles him to a fee award. *Baca v. Highlands Univ.,* 113 N.M. 170, 172, 824 P.2d 310, 312 (1992). Though the present case and *Baca* are factually distinguishable, we cannot ignore the Supreme Court's directive that past benefits preserved from

attack by an employer constitutes a quantifiable benefit to a worker.

■ In the present case, Employer's actions put past benefits in jeopardy even though Worker instigated the litigation. We note the *Baca* analysis fell under Sections 52–1–54(D) and (E) bécause the *employer* in that case filed a claim to decrease or suspend benefits. In *Baca*, the employer claimed a credit for those benefits already voluntarily paid. Therefore, the WCJ based his attorney's fees award on a finding that all of the worker's benefits were in jeopardy. *Baca*, 113 N.M. at 171, 824 P.2d at 311. Here, we note with approval that Employer admitted Worker was 20% disabled in its initial response to Worker's claim, and accepted the recommended resolution. However, when Worker refused the recommended resolution, Employer: denied causation; asked the WCJ to find Worker only 10% permanently disabled; and requested credit for past benefits voluntarily paid. Employer's actions effectively put Worker's past benefits in jeopardy and created the need for attorney skills.

■ Our Supreme Court indicated that it did not wish to discourage employers' voluntary payment of benefits. *Baca*, 113 N.M. at 173, 824 P.2d at 313. Nonetheless, the "solution to this problem would have been for [Employer] to limit its claim for credit, something that was not done in this case." *Id.* If Employer had held the line, maintained its admission that Worker was 20% disabled and not asked for credit, Worker's attorney would have "secured" no benefit for his client. Perhaps, because Employer denied causation and asked for credit, the first WCJ reduced Worker's benefits to 15%. Under *Baca*, we must consider that the 5% included in the settlement after trial and appeal, as well as protection of past benefits, constituted a benefit for Worker. However, as we discuss below, the WCJ appears to have taken into account *more* than the actual benefit attributable to attorney's efforts when calculating the attorney's fee award.

## C. *ATTORNEY'S FEE AWARD*

■ The majority of attorney's fee statutes condition an award on whether the claimant *prevails*. Larson, *supra*,

§ 83.12(b)(2). Analogous doctrines regarding fairness in awards of attorney's fees may be found in federal civil rights cases. If a claimant achieves only partial success, a reasonable hourly rate for attorney services may be an excessive amount. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). "[T]he most critical factor is the degree of success obtained." *Id.* When a "success on a legal claim can be characterized as purely technical or *de minimis*," even the generous consideration the courts give to awarding fees is not satisfied. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989).

■ A "useful range" for trial courts to keep in mind when awarding attorney's fees, depending on the complexity of the case, is generally between 10% to 20%. *Woodson*, 102 N.M. at 338, 695 P.2d at 488. Considering the WCJ's generous determination that the value of the settlement was between $15,033.35 and $20,286.63 (even though, as noted above, Section 52–1–54(F) forbids the inclusion of future medicals in the calculation of attorney's fees), the $8,500.00 attorney's fee award comprises 42% to 57% of the total award. The pertinent inquiry should be to determine whether the attorney contributed anything to the case for which he should be paid, and award fees accordingly. *See* Larson, *supra*, § 83.13(f).

## *CONCLUSION*

The question whether Worker prevailed on the major contested issues is subsumed by the attorney's fees issue. Under Section 52–1–54(F), the WCJ "shall consider only those benefits to the worker that the attorney is responsible for securing." We remand to the Workers' Compensation Administration for determination of a reasonable attorney's fee award consistent with the actual benefits secured by Worker's attorney.

**IT IS SO ORDERED.**

MINZNER, C.J., and APODACA, J., concur.