This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                        NO. 29,391

**JESSE ALEX,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals the district court amended order which remands Defendant's case to the magistrate court. We issued a notice of proposed summary disposition, proposing to reverse on the grounds that magistrate court judgment was an acquittal and that the Double Jeopardy Clause bars review in district court. The State filed a response to our notice, and persuaded this Court that jeopardy had not yet attached, and therefore, the State's appeal to the district court is not barred by the prohibition against double jeopardy. Our second notice of proposed summary disposition proposed to dismiss for lack of a final, appealable order. Defendant has responded to our second notice with a memorandum in opposition. Defendant has not persuaded us that he may immediately appeal the district court's remand order. We dismiss.

In response to our second notice, Defendant continues to argue that the magistrate court judgment and sentence acquitted Defendant of criminal trespass and that the State could not appeal that acquittal to district court. [MIO 6-8] Defendant argues that jeopardy attached when the magistrate court heard argument from the State at the pretrial motions hearing indicating that it had insufficient evidence to proceed to trial. [MIO 7] We cannot agree with Defendant because, as our second notice pointed out, the magistrate court dismissal of the case occurred before trial, and before the jury was empaneled or sworn. *See State v. Davis*, 1998-

NMCA-148, ¶¶ 9-16, 126 N.M. 297, 968 P.2d 808 (holding that the defendant was not twice placed in jeopardy when the State appealed to the district court the metropolitan court pre-trial dismissal of the charges against the defendant). Because a defendant must be placed before the trier of fact that determines guilt or innocence for jeopardy to attach, *see id.* ¶¶ 12-14, our second notice proposed to hold that Defendant was not placed in jeopardy twice when there was a pretrial dismissal and the State appealed to the district court. Defendant's response does not explain why his case differs from *Davis*. Therefore, he has not persuaded this Court that the State's appeal to the district court is barred by the prohibition against double jeopardy.

In magistrate court, the State failed to make several of its witnesses available for interview, despite repeated requests from Defendant and an order of the magistrate court. [DS 2] The trial setting was pushed back twice, during which time the State made no effort to rectify the discovery violations. [DS 3] Close to the sixth month since the filing of the criminal complaint and two days before the trial setting, the magistrate court excluded the testimony of those witnesses the State had failed to make available. [DS 2-3]

At the hearing on Defendant's suppression motion, on the same day as the final trial setting, the State informed the magistrate court that it was unable to

present sufficient evidence to secure a conviction based on the testimony of the remaining witness in the case. [Id.] This occurred only a few days before the expiration of the six-month rule period. [Id.] The State did not seek another continuance, file a nolle prosequi and refile the charge in district court or express an intention to do so, nor did it ever seek to appeal the magistrate court's order excluding the witnesses' testimony. [Id.] Rather than hold the suppression hearing or the trial on the charge, the magistrate court dismissed the case based on the State's stipulation that it had insufficient evidence to convict and entered a form judgment and sentence that purported adjudicate Defendant not guilty of criminal trespass. [DS 3; RP 8]

The State appealed the judgment to the district court. [RP 1] Contrary to Defendant's argument in response to our second notice, [MIO 8 (citing *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967); *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985))] the State was an "aggrieved" party with the right to appeal the magistrate court's order. *See State v. Montoya*, 2008-NMSC-043, ¶¶ 9-13, 18-20, 144 N.M. 458, 188 P.3d 1209 (holding that the State has the right to appeal to district court the magistrate court's dismissal for lack of probable cause, because it was a dismissal on a procedural basis, not a technical acquittal).

4

On appeal, the district court ruled that although the magistrate court "attempted to acquit the Defendant of criminal trespass, acquittal was a legal impossibility at that time because jeopardy had not yet attached . . . . because a jury to decide the case had not been empaneled nor sworn." [RP 83] The district court entered its amended order on the State's appeal which in pertinent part provides:

> [T]his case is remanded to the magistrate court for proceedings to continue in that court. The case shall proceed from that point at which the Magistrate ineffectually declared the Defendant not guilty by entry of the *Judgment and Sentence* on July 21, 2008. Rulings made prior to entry of the *Judgment and Sentence* remain in effect. Because the State's appeal is not a nullity, the time limit for commencement of trial in the magistrate court under Rule 6-506 NMRA shall begin anew when the mandate from this Court is filed in the magistrate court. (See Rule 6-506(B)(4) NMRA.) [RP 88]

This Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992); *see also Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 4, 635 P.2d 1323, 1326 (Ct. App. 1981) (observing that an appellate court will raise jurisdictional questions on its own motion). An order is final if all issues of law and fact necessary to be determined have been determined and the case was disposed of by the trial court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038.

As we have stated, Defendant attempts to appeal from an order of remand. [RP 84-85] In the absence of a double jeopardy violation, the district court order

remanding to magistrate court is not a final, reviewable order. *See State v. Ahasteen*, 1998-NMCA-158, ¶ 11, 126 N.M. 238, 968 P.2d 328 ("Ordinarily, an order remanding a case for further proceedings in a lower court is not considered 'final' for purposes of appeal. That is because the case has not ended; it simply has gone to another forum and may well return again." (internal quotation marks and citation omitted)).

In response to our second notice, Defendant argues that he has the right to an appeal as an aggrieved party under the doctrine of practical finality. [MIO 5-6] We disagree for the reasons set forth in our second notice. In *Ahasteen*, we acquired jurisdiction under the doctrine of practical finality because if the defendant was acquitted, the State would have no right to appeal its issue, and if the defendant was convicted, the State's issue on appeal would be moot or deemed harmless. *Id.* ¶ 13. In the present case, without double jeopardy concerns and given Defendant's right to appeal in the event of conviction, Defendant will not lose the protection of a constitutional right and the order is not practically final. *See State v. Apodaca*, 1997-NMCA-051, ¶¶ 15-17, 123 N.M. 372, 940 P.2d 478 ("We . . . hold that a defendant has a constitutional right to appeal from an order denying a motion to dismiss a charge on the ground that trial of the charge would subject the defendant to double jeopardy."); *State v. Heinsen*, 2005-NMSC-035, ¶¶ 7-29, 138

N.M. 441, 121 P.3d 1040 (refusing to apply the doctrine of practical finality to the State's appeal to the district court of the magistrate court's suppression of the evidence, despite the State's concerns about acquittal, mootness, and the six-month rule, because there is no constitutional right of the State to appeal the rulings rendered by a court of limited jurisdiction, because the district court had concurrent jurisdiction over the charges, and because the State could file a nolle prosequi in district court). Defendant has not presented any new argument to persuade us that the district court's order is final and immediately appealable. [MIO 6 (citing *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967); *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985))]

For these reasons, we dismiss for lack of a final, appealable order.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

