735 P.2d 533
## NAVAJO REFINING COMPANY and Navajo Pipeline Company, Plaintiffs-Appellees,

v.

## SOUTHERN UNION REFINING COMPANY and Midland-Lea, Inc., (formerly Midland-Lea Pipeline Company), Defendants-Appellants.

### No. 16404.

Supreme Court of New Mexico.

April 16, 1987.

Atwood, Malone, Mann & Turner, John S. Nelson, Russell D. Mann, Roswell, for defendants-appellants.

Losee & Carson, A.J. Losee, Ernest L. Carroll, Artesia, for plaintiffs-appellees.

## OPINION

SCARBOROUGH, Chief Justice.

Navajo Refining Company and Navajo Pipeline Company (plaintiffs) sued Southern Union Refining Company and Midland-Lea, Inc. (defendants) for sums alleged to be due and owing under the provisions of contracts and agreements entered into by the parties. Plaintiffs' original complaint contained seven counts. Defendants counterclaimed. Defendants' first amended counterclaim contained eight counts. The claims and counterclaims are interrelated. The trial court granted partial summary judgment on two of the counts raised by the complaint in favor of plaintiffs and, finding that there was no just reason for delay, made the partial summary judgment a final judgment. After partial summary judgment was entered, a second amended counterclaim and an amended complaint were filed. Defendants appealed from the partial summary judgment and determination of finality; we hold that the trial court abused its discretion in entering final judgment.

This case presents two issues:

(1) Did the trial court abuse its discretion in entering final judgment?

(2) Did the trial court err in entering partial summary judgment in favor of plaintiffs?

As a result of our disposition of the first issue, we do not reach the second issue.

SCRA 1986, Rule 1-054(C)(1) provides in part:

[W]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an ex-

press determination that there is no just reason for delay.

The determination of whether there is no just reason for delay lies in the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of discretion. *Banquest/First Nat'l Bank v. LMT, Inc.*, 105 N.M. 583, 734 P.2d 1266 (1987).

In *Banquest/First Nat'l Bank v. LMT, Inc.*, we stated that we disfavor " 'fragmentation in the adjudication of related legal or factual issues.' " *Id.* (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 370 (3d Cir.1975) (Gibbons, J., dissenting)). We also stated that we disfavor piecemeal appeals. *Id.* Relying on three factors, i.e., the interrelation of adjudicated and unadjudicated claims, the presence of claims which might result in setoffs against the judgment sought to be made final, and the possibility that if the judgment were made final we might be obliged to consider the same issues more than once, we held that the trial court abused its discretion by finding that there was no just reason for delay. *Id.* In this case, the same three factors and one additional factor lead us to a similar conclusion.

██ The issues determined by the summary judgment and some of the unadjudicated issues in this case are interrelated. Because of the numerous claims and counterclaims, the amounts which may ultimately be owed after setoff are uncertain. The complexity of this case makes it possible that we may be obliged to consider some issues more than once if we now review the partial summary judgment on its merits. Additionally, in this case, amended claims and counterclaims continue to be filed even after entry of partial summary judgment. Under these circumstances, the trial court's attempt to finally settle only some of the claims was premature.

The trial court abused its discretion in making the Rule 1–054(C)(1) determination that there was no just reason to delay entering final judgment. We reverse and remand to the trial court for proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior J., and STOWERS, J., concur.