836 P.2d 1257

**SUNDIAL PRESS, d/b/a Harris Books, et al., Plaintiffs–Appellants,**

v.

**CITY OF ALBUQUERQUE, et al., Defendants–Appellees.**

No. 11358.

Court of Appeals of New Mexico.

June 23, 1992.

Stephen G. French, Paul J. Kennedy, Albuquerque, for plaintiffs-appellants.

David S. Campbell, City Atty., Robert M. White, Asst. City Atty., Albuquerque, for defendants-appellees.

## OPINION

CHAVEZ, Judge.

Plaintiffs appeal from a district court judgment, pursuant to SCRA 1986, 1–054(C)(1) dismissing one of three counts in plaintiffs' complaint. Plaintiffs raise three issues on appeal, including the question of whether the dismissal of count II is a final judgment. We find the issue of the finality of the judgment dispositive and do not address the remaining issues. We hold that the trial court erred in certifying this case for immediate appeal, and reverse and remand for further proceedings.

### PLAINTIFFS' CLAIMS

In 1977, defendant City of Albuquerque (City) passed an ordinance that established various zoning requirements for adult business establishments, i.e., those that deal in sexually explicit matters in print or on film. Plaintiffs are purveyors of such sexually oriented matters through eight bookstores and theaters in Albuquerque. Plaintiffs' business locations did not comply with certain distance requirements in the ordinance, therefore plaintiffs sought conditional use permits. The City denied plaintiffs' requests for the permits, and plaintiffs filed a lawsuit in district court to challenge these denials.

The complaint includes a background section that describes the parties and the two zoning ordinances that apply to plaintiffs' businesses, the process of the City's enforcement of those ordinances, and the ultimate denial of plaintiffs' requests to continue to operate as conditional uses. Prior to each count, plaintiffs reallege all these facts. We detail plaintiffs' claims for relief to facilitate the analysis of this case.

In count I, plaintiffs petition for mandamus review of the City's decision to deny the conditional use permits. Plaintiffs allege various legal deficiencies in the denial of the permits. For instance, plaintiffs allege that in many respects the City erred in failing to consider certain facts in deciding to deny the requests. Plaintiffs also allege that the evidence was insufficient to support the denial, and that the City made legal errors. Finally, plaintiffs allege sev-

eral constitutional issues. These are claims that the City's decision chilled plaintiffs' exercise of their freedom of speech, and that the zoning ordinance infringed on that same right. Plaintiffs further state claims based on unconstitutional vagueness and improper taking of property rights.

In count II, plaintiffs seek a declaratory judgment that the zoning ordinances are unconstitutional. They state the history of the applicable ordinances in this case. They then state two legal claims. Plaintiffs then allege what appear to be arguments all surrounding the constitutionality of the zoning ordinances. These allegations include claims based on equal protection, due process, unconstitutional vagueness, improper taking of property rights, and free speech.

In count III, plaintiffs sought damages for deprivation of a constitutional right. *See* 42 U.S.C. § 1983 (1988). All allegations of this count focus on an alleged deprivation of the right to free speech.

In dismissing count II, the trial court relied on briefs, exhibits, and argument. At the behest of plaintiffs' former counsel, the order includes an express determination that there was no just reason to delay the finality of the judgment dismissing count II. Upon assigning this case to the general calendar, we requested that the parties brief the finality of the judgment.

## CONSIDERATIONS FOR CERTIFICATION OF JUDGMENTS PURSUANT TO RULE 1–054(C)(1)

■ Rule 1–054(C)(1) states, in relevant part, that a trial court "may enter a final judgment as to one or more but fewer than all of the claims [in a case] only upon an express determination that there is no just reason for delay." At the outset, we note that Federal Rule of Civil Procedure 54(b) is, in all material respect, exactly the same as our Rule 1–054(C)(1). The reasoning of federal decisions on this matter, if not in conflict with controlling New Mexico authority, can be persuasive. *See Lowery v. Atterbury,* 113 N.M. 71, 823 P.2d 313 (1992). However, we are not bound by these federal decisions. They must be of

sound logic and based on policies compatible with the law of this state. *Id.*

■ As an example, plaintiffs analyze this matter in jurisdictional terms because that is how the federal courts do so. *See, e.g., Allis–Chalmers Corp. v. Philadelphia Elec. Co.,* 521 F.2d 360 (3d Cir.1975). Since the parties submitted their briefs, however, our supreme court has cast the analysis of whether an appeal is properly before a New Mexico appellate court in discretionary terms. The steps a party must take to perfect an appeal are mandatory, not jurisdictional. *See Govich v. North Am. Sys., Inc.,* 112 N.M. 226, 814 P.2d 94 (1991). We have jurisdiction to consider the appeal, initially exercising our discretion to decide whether we ought to consider the merits. *Id.; see also State v. Alvarez,* 113 N.M. 82, 823 P.2d 324 (Ct.App.1991). The federal jurisdictional analysis is not persuasive here.

■ Further, there is authority for the view that appellate review of the trial court's discretion in certifying an immediate appeal is without deference to the trial court's ruling. *See United States v. Crow, Pope & Land Enters., Inc.,* 474 F.2d 200 (5th Cir.1973); *Griffin v. Bethesda Found.,* 609 P.2d 459 (Wyo.1980). We will not follow these decisions. They are contrary to the New Mexico rule that absent an abuse of discretion, we cannot disturb a trial court's Rule 1–054(C)(1) certification. *See Banquest/First Nat'l Bank v. LMT, Inc.,* 105 N.M. 583, 734 P.2d 1266 (1987). The United States Supreme Court has elaborated on this standard of review. *See Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). That Court stated that appellate review is to assure that the trial court considers appropriate factors in certifying that there is no just reason to delay finality of a claim. *Id.* The fact that the reviewing court might come to the same decision is not the question. Rather, the question is whether the trial court's consideration of the appropriate factors was reasonable in light of the policies of the applicable rule. *Id.* This standard of review is persuasive to us because it strongly resembles the

abuse of discretion standard we apply in other situations. *See Alpers v. Alpers,* 111 N.M. 467, 806 P.2d 1057 (Ct.App.1990) (decision to grant or deny stay pending appeal); *Jaramillo v. Fisher Controls Co.,* 102 N.M. 614, 698 P.2d 887 (Ct.App.1985) (decision on relevancy of evidence).

■ Relative to the mechanics of Rule 1–054(C)(1), we think it prudent to mention that it is an exception to the strong policy against piecemeal appeals. *See Banquest/First Nat'l Bank,* 105 N.M. at 585, 734 P.2d at 1268. The trial court should not certify judgments for immediate appeals merely to put off further work on a case or to accommodate counsel's wishes. Immediate appeals are not the norm. In a close case, the trial court should decide against certifying a judgment for immediate appeal. *See Warner Bros., Inc. v. Wilkinson,* 782 F.2d 136 (10th Cir.1985); *Kennecott Corp. v. Utah State Tax Comm'n,* 814 P.2d 1099 (Utah 1991).

■ The text of the rule reveals that the trial court's task is a two step process. The trial court must first determine if there is a "final judgment as to one or more" claims. R. 1–054(C)(1). If so, the trial court must then determine if there is "no just reason for delay" in making the judgment final. *Id.* This is because parties may only appeal a final judgment. *See* NMSA 1978, § 39–3–2 (Repl.Pamp.1991). Whether there is a just reason to delay the finality of a judgment presupposes that there indeed is a final judgment. The two-step process is the only way that a trial court can fulfill its responsibility in considering whether to apply Rule 1–054(C)(1). This is in accord with what seems to be the widespread federal practice. *See Curtiss–Wright Corp.,* 446 U.S. at 7–8, 100 S.Ct. at 1464–65; *United States Gen'l, Inc. v. Albert,* 792 F.2d 678 (7th Cir.1986).

Our supreme court decisions on the subject state that trial courts have abused their discretion in certifying judgments under Rule 1–054(C)(1) for a variety of reasons. Within each opinion, there is mention that the trial court decision was not a final adjudication of a discrete claim. *See Navajo Ref. Co. v. Southern Union Ref. Co.,* 105 N.M. 616, 735 P.2d 533 (1987);

*Banquest/First Nat'l Bank,* 105 N.M. at 585, 734 P.2d at 1268. However, there is no indication that the lack of finality on a discrete claim is a separate part of the analysis. The other factors that the supreme court mentions appear to be subparts of the same analysis, that for the purposes of Rule 1–054(C)(1) there was but one discrete claim that the trial court had yet to fully resolve. As we shall discuss below, this type of analysis is implicitly the same as the analysis that the best considered federal opinions expressly undertake. We rely on the description of the trial court's duty under Rule 1–054(C)(1) found in *Curtiss–Wright* as instructive in implementing the existing appellate standard of review set forth in *Navajo Refining Co. v. Southern Union Refining Co.*

Plaintiffs next argue that in order for the trial court to comply with Rule 1–054(C)(1), the judgment had to be a complete disposition of a factually separate claim. According to plaintiffs' theory, if a complaint states claims that depend on a common nucleus of facts, the complaint states only one claim. This is the definition of a single claim that plaintiffs urge upon us. The United States Supreme Court has eschewed a solely factual, or same transaction, analysis of whether there is more than one claim. *See Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Yet there is persistent federal support for plaintiffs' position. *See, e.g., Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698 (7th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984); *Kennecott Corp.,* 814 P.2d at 1103. This is often called the res judicata analysis of Federal Rule of Civil Procedure 54(b). If res judicata would bar a claim sub judice that a party instead brought in a subsequent suit, it is part of the same claim certified for immediate appellate review. *See generally Minority Police Officers Ass'n v. City of South Bend,* 721 F.2d 197 (7th Cir.1983).

Other lower federal courts have struggled with alternative formulas, in reality returning to a transaction oriented analysis. For instance, in *Local P–171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.,* 642

F.2d 1065 (7th Cir.1981), the court recognized that the Supreme Court no longer allowed lower courts to determine that there could only be one claim arising from a single transaction. In a sleight of semantics, the Seventh Circuit nonetheless decided to employ the same analysis in the negative. That court stated that what was not a separate claim was a claim seeking essentially the same relief and arising from the same nucleus of facts. *Id.* A claim is also not separate if, to bring it in separate suits, a party would violate the rule against splitting claims.

In a more straightforward sense, the following opinions illustrate the soundness of a modified transaction oriented analysis. In *Page v. Preisser*, 585 F.2d 336 (8th Cir. 1978), the plaintiff challenged a state social services regulation. She alleged that the federal supremacy clause voided the state regulation because it was different from the federal regulation on the same subject. *See* U.S. Const. art. VI. She also alleged that the state regulation violated her due process rights. The Eighth Circuit stated that certifications for immediate appeal are the exception, not the norm. Though the claims could be said to seek different remedies, they both essentially sought to invalidate the state regulation. The trial court had resolved one of the claims, but because the other claim was merely an alternative way to seek the same result from the same facts, the trial court had yet to resolve an entire claim. Erring on the side of considering the entire case instead of a piecemeal appeal, the Eighth Circuit ruled that there was thus no final judgment on a claim for the purposes of Federal Rule of Civil Procedure 54(b). *Page*, 585 F.2d at 338–39.

In *Brunswick Corp. v. Sheridan*, 582 F.2d 175 (2d Cir.1978), the plaintiffs sued on the defendant's promise to refrain from selling a particular kind of surgical tube. The defendant stated an affirmative defense that the plaintiffs' interpretation of the promise tended to create a monopoly. The defendant also stated the same monopoly theory as a counterclaim. The Second Circuit saw this entire case as arising out of the defendant's promise not to sell the tubing. If the appellate court decided one of the claims, that would have a profound

but advisory effect on the other claims that the trial court had yet to decide. Further, if the trial court acted first on the remaining claims, they could make the claim on appeal moot. These claims, inextricably intertwined with one another, were not really separate. The trial court, having resolved only the plaintiffs' claim, did not really render a final judgment on an entire claim in part because of the difficulties that an appeal of part of a final claim would cause. *Id.*

 The two foregoing federal cases are compelling. *Page* makes sense because it is a logical application of the rule disfavoring use of immediate, piecemeal appeals. *Brunswick Corp.* makes sense because it does not treat the Federal Rule of Civil Procedure 54(b) transaction oriented analysis in a vacuum. That is, the case recognized what could go wrong with certifying part of a single claim for appeal, and stressed those difficulties as reasons why the trial court should not have certified the appeal. Many other federal cases look closely at the nature of the claims to determine that they are really but one claim. *See Tolson v. United States*, 732 F.2d 998 (D.C.Cir.1984) (separate claims of respondeat superior and negligent supervision were really one claim for damages from the same nucleus of facts); *Wheeler v. American Home Prods. Corp.*, 582 F.2d 891 (5th Cir.1977) (claims of sex discrimination seeking injunctive relief were part of the same larger claim that included another claim for back pay by other parties arising out of the same discriminatory conduct). However, the *Page* and *Brunswick Corp.* analysis make up the better approach and we adopt that approach as the rule in New Mexico.

APPLICATION OF THE RULES OF ANALYSIS FOR RULE 1–054(C)(1)

 We summarily dispose of two related but preliminary arguments that the parties make. First, plaintiffs argue that the trial court abused its discretion by failing to give reasons for certifying the judgment pursuant to Rule 1–054(C)(1). There is nothing in the rule that requires the trial court to express reasons for the decision to certify. *See* R. 1–054(C)(1). An articulation of reasons for certification would facil-

itate review. *See Cullen v. Margiotta,* 618 F.2d 226 (2d Cir.1980); *see also State v. Ferguson,* 111 N.M. 191, 803 P.2d 676 (Ct. App.1990) (statement of reasons for decision achieves better justice because appellate court need not presume that trial court acted on correct facts and law). However, we cannot add requirements to a supreme court rule. *See Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). We therefore conclude that the trial court did not abuse its discretion by not giving reasons for certifying the judgment for immediate appeal.

■■■ Second, the City argues that because counsel for plaintiffs sought the Rule 1–054(C) certification, it would be unfair to dismiss this action for lack of a final order. Plaintiffs are correct in responding that parties cannot require this court to consider a matter by waiver or consent. *See Central Southwest Dairy Coop. v. American Bank of Commerce,* 78 N.M. 464, 432 P.2d 820 (1967). We will not consider the merits of this matter if we decide that the omission of mandatory requirements of perfecting this appeal are such that it would be imprudent as a matter of policy to consider the merits. *See Govich,* 112 N.M. at 230, 814 P.2d at 98.

■■■ Returning to the issue of whether the judgment before us is a final disposition of an entire claim, we note that all three claims for relief seek the same result. Plaintiffs want to continue operating their businesses at their present locations. As plaintiffs admit in their brief-in-chief, the damages claim may seek further relief than the first two claims, but the damages prayer is incidental to the real issue of maintenance of the status quo. The common factual nucleus is that all these purveyors of sexually oriented entertainment have been ordered at the same time to shut down or relocate due to the effect of the same zoning and amortization ordinances. According to a modified transaction oriented analysis for the purposes of Rule 1–054(C)(1), all three of plaintiffs' claims for relief are really one claim. *See Page.*

We do not end our inquiry with deciding that plaintiffs' claims all arise out of the same nucleus of facts. As we have stated, Rule 1–054(C)(1) requires final resolution of at least one discrete claim. Finality is a threshold, the necessity of which is plain. *See* § 39–3–2. Recent case law from our supreme court instructs us, however, to be flexible in determining what is final enough for appellate review. We cannot merely state the requirements of Rule 1–054(C)(1), determine that those requirements were not met, and dismiss the appeal. *See Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 824 P.2d 1033 (1992) (unresolved attorney fee claim does not detract from finality of judgment on the merits). As the supreme court did in *Banquest/First National Bank* and *Navajo Refining,* we err on the side of avoiding piecemeal appeals and decide what it is about the lack of a completely resolved claim that should or should not keep us from considering the merits. *See also Page,* 585 F.2d at 338–39; *Brunswick Corp.,* 582 F.2d at 182–83.

■■■ Plaintiffs make two points that compel us to reverse in this case. First, there is the strong policy against unnecessary constitutional decisions. *See Property Tax Dep't v. Molycorp, Inc.,* 89 N.M. 603, 555 P.2d 903 (1976). Plaintiffs want to continue operations. Winning on their legal claims in count I, that there was insufficient evidence to support the City's denial of the conditional use permits, could bring about that result. To prevail on the legal claims would make our decision on the constitutional issues unnecessary and moot. *See Brunswick Corp.,* 582 F.2d at 184–85 (potential that claims remaining in the trial court could obviate claims in the appellate court is a consideration against immediate appealability). Second, no matter how we resolve the constitutional issues, we will have to review them again once the appeal of the remaining issues is before us. It is not that we will not be confident that our initial determination was sound on the record before us. Even if we could apply the law of the case doctrine to a subsequent appeal, we could not do so prior to reviewing the entire record for changed circumstances and substantial injustice. *See Reese v. State,* 106 N.M. 505, 745 P.2d 1153 (1987); *see also Brunswick Corp.,* 582 F.2d at 182 (potential for repeated review of issues is a consideration against immediate appealability). We would thus be dupli-

cating our work and using all the judicial resources we supposedly would save by applying the law of the case.

CONCLUSION

We could be deciding constitutional issues unnecessarily. Alternatively, we could be deciding constitutional issues only to find it necessary to do so again. The incomplete resolution of the constitutional claim that the City has deprived plaintiffs of their right to free speech creates potential waste of sparse appellate judicial resources. This is not the rare case to which Rule 1–054(C)(1) is suited. We reverse and remand for proceedings consistent with this opinion.

Because of this resolution, we do not discuss whether there was no just reason to delay the finality of the judgment. We further do not discuss the standing and constitutional issues that the parties briefed.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.