This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAN LOPER, d/b/a RIO LECHE DAIRY CO.,**

Plaintiff/Appellant,

v.

**NO. 29,852
(consolidated with)
NO. 30,030**

**JMAR, a New Mexico General Partnership,**

Defendant/Respondent.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr. District Judge**

Law Offices of Felicia C. Weingartner, P.C.
Felicia C. Weingartner
Albuquerque, NM

for Appellant

Beall & Biehler
Gregory L. Biehler
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

In Court of Appeals Case No. 30,030, Plaintiff appealed the district court's order granting summary judgment to Defendant JMAR "as to the stray voltage claims supported by the testimony of Mr. Stetson" ("10/05/09 Order"). [DS 7; RP Vol. 9/3410-3411] In Case No. 29,852, Plaintiff filed an application for interlocutory appeal from the district court's order granting partial summary judgment to JMAR based on the Doctrine of Circuity of Action ("9/09/09 Order"). [RP Vol. 8/3342-3343] That order dismissed "any claims related to the electrical matters." [Id.]

We consolidated the two appeals and in a notice of proposed summary disposition, proposed to dismiss for lack of a sufficiently final order in the appeal in Case No. 30,030, and proposed to quash the grant of Plaintiff's application for interlocutory appeal in Case No. 29,852. JMAR filed a timely memorandum in opposition, and Plaintiff failed to respond to our proposed disposition. *Cf. Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."). Remaining unpersuaded by JMAR's memorandum in opposition, we dismiss Plaintiff's appeal in Case No. 30,030 for lack of a sufficiently final order and quash the grant of Plaintiff's application for interlocutory appeal in Case No. 29,852.

As discussed more fully in our previous notice, the right to appeal is usually restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Even though the litigation between the parties is continuing in this case, [RP Vol. 9/3405-3406] the district court's 10/05/09 Order appears to be final because the court determined that there is "no just reason for delay." [RP Vol. 9/3410] *See* Rule 1-054(B)(1) NMRA.

The determination of whether there is "no just reason for delay" is a matter for the district court's discretion. *See Navajo Ref. Co. v. S. Union Ref. Co.*, 105 N.M. 616, 617, 735 P.2d 533, 534 (1987). In deciding whether the district court abused its discretion, we consider factors including but not limited to the interrelation of adjudicated and un-adjudicated claims, and the possibility that if the judgment is final this Court might be obligated to consider the same issues more than once. *See id.* If the issues decided by the judgment are intertwined, legally or factually, with the issues not yet resolved, or if resolution of the remaining issues may result in an alteration or revision of the earlier judgment, we will hold that the district court abused its discretion in entering a final order by determining that there is no just reason for

delay. *See id.*; *Sys. Tech., Inc. v. Hall*, 2004-NMCA-130, ¶ 15, 136 N.M. 548, 102 P.3d 107.

Initially, we note that the two orders granting summary judgment, although originally the subject of two appeals, were consolidated because they concern interrelated matters. Reading the summary judgment orders together leads us to conclude that the district court granted summary judgment to Defendant JMAR on all claims related to electrical matters which would include claims related to stray voltage and any other claims pertaining to the alleged negligence of JMAR or its subcontractor, Snider, in the installation or design of the electrical system. [RP 8/3342-3343, 9/3410-3411]

In our previous notice we proposed to dismiss/quash the appeals because the appeals are interrelated and because the district court abused its discretion in determining that there is no just reason for delay. We noted that Plaintiff's complaint asserts claims based on negligence and breach of contract. [RP Vol. 1/1-14] The breach of contract claim includes allegations that JMAR failed to build roads or a hay barn, failed to provide a waste management system or an adequate milking system, and failed to construct a scale. [RP Vol. 1/4-5 ¶ 12, 11 ¶¶ 31-33] As to negligence, in addition to contentions regarding the electrical system, Plaintiff alleges that JMAR

4

built a milking system with latent defects including inadequate "pulsation line size," inadequate airflow and pressure, and other defects. [RP Vol. 1/8-9 ¶ 24, 12 ¶ 37] We noted that the summary judgment orders only appear to resolve the negligence claims that are related to stray voltage; the remaining claims such as failure to construct a proper and adequate milking system and failure to provide a waste management system appear to be outstanding. Given that JMAR's ultimate liability for breach of contract and for negligence on matters other than claims related to stray voltage is outstanding, we proposed to hold that the summary judgment orders are not sufficiently final because they only dispose of one issue, whether Plaintiff may recover from JMAR based upon allegations that it was damaged due to stray voltage. *See Graham v. Cocherell*, 105 N.M. 401, 404-05, 733 P.2d 370, 373-74 (Ct. App. 1987). We concluded that the outstanding claims, coupled with "[t]he complexity of this case make[] it possible that we may be obliged to consider some issues more than once if we now review the partial summary judgment on its merits," and thus proposed to dismiss. *Navajo Refining Co.*, 105 N.M. at 617, 735 P.2d at 534.

In its memorandum in opposition, JMAR contends that dismissal is improper because only "diminimus" claims remain and that claims arising from the installation of the electrical wiring are discrete. [2nd MIO 3] We are not persuaded.

5

Even though JMAR alleges "that there [is] no evidence to support a claim of negligence independent of that of Snider and [that] the only damages alleged were entirely derivative of Snider's work," [2nd MIO 4] the district court's orders neither make nor incorporate any such findings. Nor did the district court make findings adopting JMAR's contention that "all of Plaintiff's damages were attributed to Snider's negligence." [2nd MIO 7, 8, 9] If all of Plaintiff's damages were attributed to Snider's work, the district court could have dismissed Plaintiff's entire negligence claim. It failed to do so and instead only dismissed the complaint as it concerns electrical matters. [RP 8/3342-3343, 9/3410-3411] Therefore, there is nothing in the orders precluding Plaintiff from attempting to prove at trial that it suffered damages from JMAR's negligence in matters not related to electrical wiring. However, if JMAR is correct that all of Plaintiff's damages are related to its contentions regarding faulty wiring, any remaining litigation will consume very little of the district court's time because by granting summary judgment to JMAR as to all electrical matters, Plaintiffs are precluded from litigating these claims at trial. [2nd MIO 14]

In closing, we observe that review pursuant to Rule 1-054(B)(1) is an exception to our policy which strongly disfavors piecemeal appeals and "[i]n a close case, the trial court should decide against certifying a judgment for immediate appeal." *Sundial*

6

*Press v. City of Albuquerque*, 114 N.M. 236, 240, 836 P.2d 1257, 1261 (Ct. App. 1992). We believe that the issues presented on appeal in this case are too close to the issues that remain such that the district court abused its discretion in certifying the judgment for immediate appeal. In light of the outstanding claims for breach of contract and negligence, Plaintiff's appeal of the 10/05/09 Order is dismissed and the order granting interlocutory appeal of the 9/09/09 Order is quashed because the orders are intertwined and because the district court abused its discretion in determining that there is no just reason for delay.

**Conclusion**

For the reasons set forth herein and in our previous notice, we dismiss the appeal in Case No. 30,030 and quash the grant of interlocutory appeal in Case No. 29,852 on the basis that the matters are interrelated and that the district court abused its discretion in certifying the order in Case No. 30,030 as final.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____

**LINDA M. VANZI, Judge**