This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TONI C' de BACA,**

Plaintiff and Third-Party
Defendant-Appellee,

v.                                                    **NO. 30,239**

**ALBINO VARELA and ERISELDA**
**VARELA (deceased), as husband**
**and wife,**

Defendants,

and

**BALBINA VARELA ARMIJO,**
**DOROTHY VARELA ARMIJO**
**and CORINE VARELA ROYBAL,**

Intervenors and Third-Party
Plaintiffs-Appellants,

and

**MARIA "CONNIE" VALENCIA, et al.,**

Third-Party Defendants-
Cross-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Sam B. Sanchez, District Judge**

Domenici Law Firm, P. C.

Peter V. Domenici, Jr.

Albuquerque, NM

for Cross-Appellants

Danelle J. Smith

Las Vegas, NM

for Appellants

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Intervenors-Third Party Plaintiffs-Appellants ("Intervenors") and Third-Party Defendants-Cross-Appellants ("Third-Party Defendants") seek to appeal from the district court's judgment purporting to resolve title issues between the parties, which the district court certified for appeal under Rule 1-054(B)(1) NMRA. Third-Party Defendants also sought to appeal from the district court's partial summary judgment order on the tort claims. We have treated these parties' appeals as one appeal and issued one notice of proposed summary disposition, proposing summary dismissal. We proposed dismissal for the district court's improper certification of its judgment on title issues and because partial summary judgment on the tort claims was not a final, appealable order.

Intervenors responded to our notice with a memorandum in opposition. Third-Party Defendants filed a notice of concurrence with the factual and legal

representations contained in Intervenors' memorandum in opposition. We have considered the parties' responses to our notice and remain persuaded that the district court improperly certified its order for appeal. We therefore dismiss Intervenors' and Third-Party Defendants' appeals.

In their docketing statement, Intervenors listed the following four issues on appeal: (1) asking whether the district court's certification of its judgment for appeal was an abuse of discretion; (2) requesting this Court to enter a specific order determining when a partition decree as to ownership or title interests is appealable; (3) asking whether Plaintiff was a good faith purchaser for value under the Recording Act; and (4) asking whether the quitclaim deeds from Plaintiff's siblings, alone, were sufficient to transfer fee simple title to the property to Plaintiff. [Intervenors DS 15-16] Third-Party Defendants raised two issues in their docketing statement: (1) genuine issues of material fact should preclude partial summary judgment as to the title claims of the heirs of Marcos Varela, Sr., [3d-party Defendants DS 11-16] and (2) the tort claims of the heirs of Marcos Varela, Sr. [Id. 16-18] The docketing statements, however, did not explain why factually and legally the district court's judgment, purporting to resolve all the title issues between the parties, was properly certified for this Court's review. *See* Rule 12-208(D), (E) NMRA (requiring that the docketing statement contain all the facts material to the issues raised on appeal and a

statement of this Court's jurisdiction without conclusory statements). Our notice addressed only the propriety of certifying its order for review and the lack of finality and appealability of the partial summary judgment on the tort claims.

As we stated, this Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 237, 824 P.2d 1033, 1039 (1992); *see also Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 4, 635 P.2d 1323, 1326 (Ct. App. 1981) (observing that an appellate court will raise jurisdictional questions on its own motion). Generally, an order or judgment is not considered final until all issues of law and fact have been determined and the case has been disposed of by the district court to the fullest extent possible. *See Kelly Inn No. 102, Inc.*, 113 N.M. at 236, 824 P.2d at 1038. However, "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay." Rule 1-054(B)(1). This rule is an exception to finality and permits piecemeal appeals, against which we have strong, long-standing policies. *See Sundial Press v. City of Albuquerque*, 114 N.M. 236, 240, 836 P.2d 1257, 1261 (Ct. App. 1992). "The [district] court should not certify judgments for immediate appeals merely to put off

further work on a case or to accommodate counsel's wishes. . . . In a close case, the [district] court should decide against certifying a judgment for immediate appeal." *Id.*

In construing the rule, we have stated that it requires the district court to engage a two-step analysis, determining first whether there was a final judgment as to one or more claims, and second whether there was no just reason for delay in finalizing the judgment. *Id.* Even with a certification from the district court under the rule, we may refuse to review the judgment where the district court's certification was an abuse of discretion. *Id.* at 239, 836 P.2d at 1260.

A district court may abuse its discretion in certifying its judgment under the rule where the judgment does not "finally determine[] at least one discrete claim." *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 19, 125 N.M. 680, 964 P.2d 844. Similarly, "this Court has held that a [district]court abuses its discretion by certifying an order that determines an issue common to some of the claims but does not actually dispose of any one claim." *Id.* "Our Supreme Court has held that a [district] court abuses its discretion in certifying a judgment for immediate appeal under [the rule] when the issues decided by the judgment are intertwined, legally or factually, with the issues not yet resolved, or when resolution of the remaining issues may alter or revise the judgment previously entered." *Id.* ¶ 20.

In the current case, Intervenors and Third-Party Defendants seek to appeal the district court's judgment purporting to resolve all the title issues between the parties, which the district court certified for appeal pursuant to Rule 1-054(B)(1). We noted that after a decade of litigation resulting in a voluminous record proper, the district court's judgment neither specified the property interests awarded to the parties nor ordered partition, and it separated the remaining tort claims from the title issues and reserved them for future determination. [RP 2253-55] The judgment simply denies and grants various motions of the parties. Neither Intervenors nor Third-Party Defendants explained why factually and legally it was properly certified for this Court's review. We stated that it was not clear to this Court what property interests the district court awarded and to whom, and what issues remain from the numerous parties and pleadings. Our notice proposed to dismiss on the grounds that it was not clear that the title issues had been resolved to the fullest extent possible prior to partition and that a partition request filed in the course of the quiet title action rendered the judgment on title interlocutory until partition is complete. Also, we declined Intervenors' request that we enter a specific order determining when a partition decree as to ownership or title interests is appealable.

In response to our notice, Intervenors argue that there are no remaining issues that are intertwined with the judgment on title. [MIO 3-7] Intervenors' response

6

provides this Court with a summary of what interests in the property each party was awarded under the judgment and the basis for the district court's ruling. [Id.] However, Intervenors acknowledge that the judgment created an ambiguity insofar as the award to Plaintiff was described as identical to Tract I of the property, but contains only approximately 50% of the acreage actually in Tract I. [MIO 5-6] It is unclear to Intervenors whether the district court's judgment on the title issues and the district court's order granting partial summary judgment intended Plaintiff to receive 7/8 of the entirety of Tract I or 7/8 of the 12.79 acres within the larger acreage of Tract I. [MIO 6] Intervenors' complaint for partition proposed that the entire 24.649 acres in Tract I should be vested in fixed percentages among the twenty-eight different heirs and partitioned. [MIO 6] Because it remains unclear what interests in the property the district court ordered, we are not convinced that the title issues within this property dispute have been resolved to the fullest extent prior to partition. *See Khalsa*, 1998-NMCA-110, ¶ 19.

On this basis alone, we hold that the district court did not properly certify its judgment on title issues. We therefore dismiss the appeal and remand for further proceedings, which should result in a clear articulation of all the parties' interests in all of the property in dispute.

**CONCLUSION**

For these narrow reasons, we hold that the district court's judgment was improperly certified for our review, and dismiss the parties' appeals. Based on the discussion in our notice, Third-Party Defendants' appeal of the district court's order of partial summary judgment is dismissed for lack of a final, appealable order.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**

8