This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WILLIAM BEGGS and BOYSETTA BEGGS, husband and wife,**

Plaintiffs-Appellants,

**v.**                                                                 **No. 30,415**

**CLARAMAI HAYHURST,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Heidel, Samberson, Newell, Cox & McMahon
Patrick B. McMahon
Lovington, NM

for Appellants

Wilfred T. Martin, Jr.
Carlsbad, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiffs attempt to appeal from an order filed March 24, 2010 [RP 575], that dismissed their complaint with prejudice after concluding that a different district court judge had effectively resolved the claims against them with an order entered on May 21, 2008. [RP 343-44] We issued a calendar notice proposing to dismiss because there were pending counterclaims. Plaintiffs have responded with a memorandum in opposition. Not persuaded by Plaintiffs' arguments, we dismiss the appeal.

This Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992); *Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 4, 635 P.2d 1323, 1326 (Ct. App. 1981) (observing that an appellate court will raise jurisdictional questions on its own motion), *overruling on other grounds as recognized by San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, 132 N.M. 73, 43 P.3d 1083. Generally, an order or judgment is not considered final until all issues of law and fact have been determined and the case was disposed of by the district court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038.

However, "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay." Rule 1-054(B)(1)

NMRA. This rule is an exception to finality and permits piecemeal appeals, against which we have strong, longstanding policies. *See Sundial Press v. City of Albuquerque*, 114 N.M. 236, 240, 836 P.2d 1257, 1261 (Ct. App. 1992). "The trial court should not certify judgments for immediate appeals merely to put off further work on a case or to accommodate counsel's wishes. . . . In a close case, the trial court should decide against certifying a judgment for immediate appeal." *Id.*

In construing the rule, we have stated that it requires the district court to engage in a two-step analysis, determining first whether there was a final judgment as to one or more claims, and second whether there was no just reason for delay in finalizing the judgment. *See id.* Even with a certification from the district court under the rule, we may refuse to review the judgment where the district court's certification was an abuse of discretion. *See id.* at 239, 836 P.2d at 1260. A district court may abuse its discretion in certifying its judgment under the rule where "the issues decided by the judgment are intertwined, legally or factually, with the issues not yet resolved, or when resolution of the remaining issues may alter or revise the judgment previously entered." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 20, 125 N.M. 680, 964 P.2d 844.

In the present case, Plaintiffs attempt to appeal [RP 580] from a March 24, 2010, order [RP 575] dismissing their complaint with prejudice after concluding that a different district court judge had effectively resolved the claims against them with

3

an order entered on May 21, 2008. [RP 343-44] The order being appealed from is not automatically final because other claims are still pending, including damages. [RP 576 (¶ 4)] *See Principal Mut. Life Ins. Co. v. Straus*, 116 N.M. 412, 413-14, 863 P.2d 447, 448-49 (1993) (noting that an order that leaves damages issues unresolved is not a final, appealable judgment). Although the order states that it is a final judgment with respect to Plaintiffs' claims and that there is no just reason for delay, our calendar notice observed that it does not appear that the district court intended to certify the appeal pursuant to Rule 1-054(B)(1) because the order states that Plaintiffs "must file a motion" if they would like the matter certified for purposes of an interlocutory appeal. [RP 576 (¶ 5)] There would be no need to pursue an interlocutory appeal if the court had intended to certify it as final. Accordingly, we proposed to dismiss for lack of certification.

In their memorandum in opposition, Plaintiffs argue that there was a specific discussion of the inclusion of the certification language, and the district court intended to certify finality notwithstanding the additional language to the contrary. However, our calendar notice alternatively proposed to hold that it would have been an abuse of discretion to certify the order as final and appealable. Our policies disfavoring piecemeal appeals counsel against the exercise of our jurisdiction to review the order at issue here. *See Sundial Press*, 114 N.M. at 240, 836 P.2d at 1261. The district

court order states that Defendant may pursue breach of contract and damages issues, and Plaintiffs may raise defenses to these claims. [RP 575-76 (¶¶ 1-2)] As such, the exercise of our discretion to hear the present appeal would be improper because the remaining claims are "intertwined, legally or factually, with the issues not yet resolved [and that] resolution of the remaining issues may alter or revise the judgment previously entered." *Khalsa*, 1998-NMCA-110, ¶ 20.

In their memorandum in opposition, Plaintiffs maintain that the only remaining claims are for holdover rent and for a lien. [MIO 10] However, the order specifically states that Defendant "may pursue her claims arising from breach of contract and damage she claims to have incurred." [RP 576 (¶ 2)] The order also refers to Plaintiffs' right to raise defenses to these claims. [Id.] Therefore, there is no showing that an immediate appeal outweighs our policy of disfavoring piecemeal appeals. To hold otherwise would require us to re-examine our case law holding that pending claims for damages render an order non-final. *See Straus*, 116 N.M. at 413-14, 863 P.2d at 448-49. In the absence of any indication that an immediate appeal is justified, we conclude that the district court erred in certifying the order as final, to the extent that it intended to do so.

For the reasons discussed in this opinion, we dismiss the appeal.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**