This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PEOPLES BANK,**

Plaintiff/Counterdefendant-Appellee,

**v.**                                                    NO.   31,270

**TAOS INVESTMENT GROUP, LLC,**
**LOTA REALTY, INC., DAVID H. BUCK and**
**JUDITH D. BUCK,**

Defendants/Counterplaintiffs-Appellants,

**v.**

**SCOTT MCADAMS,**

Third-Party Defendant-Appellee,

**and**

**PEOPLES BANK,**

Plaintiff/Counterdefendant-Appellee,

**v.**

**ANGEL FIRE DEVELOPMENTS, LLC,**
**a New Mexico Limited Liability Company,**
**DAVID H. BUCK and JUDITH D. BUCK, and**
**PARKER EXCAVATING, INC.,**

Defendants/Counterclaimants-Appellants,

**v.**

**SCOTT MCADAMS,**

Third-Party Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**John M. Paternoster, District Judge**

Law Office of George Dave Giddens, P.C.
George Dave Giddens
Albuquerque, NM

for Appellees

Chris Key
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendants appeal from the partial summary judgment order filed by the district court. We proposed to dismiss the appeal in a calendar notice, and we have received a memorandum in opposition and a memorandum in support in response to our notice. We have duly considered the arguments of the parties, but we find them unpersuasive. We dismiss.

Plaintiff filed collection and foreclosure actions. Defendants responded with counterclaims and affirmative defenses. Partial summary judgment was granted on

2

the majority of the counterclaims and third-party claims, basically leaving the foreclosure actions and two counterclaims, along with the affirmative defenses, to be litigated. Defendants asked that the partial summary judgment order be certified as final under Rule 1-054 NMRA. The district court held a hearing at which the court decided to dismiss the remaining counterclaims pursuant to Plaintiff's request. [Ct. App. File, Exhibit 2, p. 35; Exhibit 3]

Ultimately the district court entered an order under Rule 1-054 stating that the order was final based on "no just reason for delay." This type of determination under Rule 1-054 is within the discretion of the district court, but certification is not proper, for example, where an order is entered determining an issue common to some claims but does not dispose of one claim; when issues decided by an order are intertwined, either legally or factually, with issues that are not yet resolved; or when different theories are directed towards one result, making an order disposing of some but not all of the claims a non-final order. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶¶ 19-20, 125 N.M. 680, 964 P.2d 844. As discussed in *Sundial Press v. City of Albuquerque*, 114 N.M. 236, 241-42, 836 P.2d 1257, 1262-63 (Ct. App. 1992), a claim for relief must be separate and independent from the remaining claims in the case. In our notice, we discussed the counterclaim and affirmative defense concerning economic duress and compulsion and we noted that Defendants could still use the

3

affirmative defense in the foreclosure action despite the fact that the counterclaim for economic duress and compulsion had been dismissed. In other words, the affirmative defense could be used as an alternative way to seek a setoff based on the same facts. We concluded that at least one claim and one defense are inextricably intertwined, and it was error for the district court to agree to certification under Rule 1-054(B).

Defendants argue that there is a difference between claims and defenses in that a claim can result in a money judgment but a defense cannot. Defendants claim that an affirmative defense can only avoid claims and cannot provide affirmative relief, and therefore, they cannot provide an alternative means to achieve the same result. [MIO 3] Defendants also appear to claim that it is necessary to look at each affirmative defense and claim to decide which are inextricably intertwined. [MIO 5] Defendants cite no authority to support their specific arguments that defenses cannot provide an alternative way to seek the same result or that all claims must have corresponding affirmative defenses before dismissal is warranted. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that, where no authority is cited to support an argument, we may assume no such authority exists). In addition, there is nothing to show that the district court was alerted to or considered these arguments. [MIO 4] *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must

appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Moreover, this Court in *Sundial Press*, relied on a federal case in which an affirmative defense stated the same theory as that in a counterclaim. 114 N.M. at 241, 836 P.2d at 1262. In that case, the court believed that the entire case arose out of a promise not to sell a particular product, and determined that a decision on one claim would have a "profound but advisory effect" on the claims left to be decided and could cause the claim being appealed to become moot. *Id.* This Court approved the reasoning in the federal case, stating that a decision resolving only part of a claim did not result in a final decision on the entire claim. *Id.*

Defendants also claim that dismissal of this appeal would amount to a hardship to Defendants because of delays and costs of a jury trial on their affirmative defenses. [Response to Motion to Dismiss at 11] In this case, however, the foreclosure claims against Defendants are still pending below, the defenses are inextricably intertwined with the issues decided by partial summary judgment, and the district court could determine that the counterclaims should be considered during the foreclosure trial. Furthermore, the standard of review for certification under Rule 1-054 does not include consideration of claims of hardship. We do not find Defendants' arguments to be persuasive.

As discussed in *Sundial Press*, this Court errs on the side of avoiding piecemeal appeals. 114 N.M. at 242, 836 P.2d at 1263. Where one claim is merely an alternative way to seek the same result from the same facts, the entire claim is not resolved, and erring on the side of hearing the entire case rather than hearing piecemeal appeals, this Court will determine that the judgment was not final. *Id.* at 241, 836 P.2d at 1262; *see also Navajo Ref. Co. v. So. Union Ref. Co.*, 105 N.M. 616, 617, 735 P.2d 533, 534 (1987) (stating that in cases where adjudicated issues are intertwined with unadjudicated issues, an appellate court may be faced with uncertainty as to amounts owed after setoff and may be placed into the position of reviewing issues more than once). Our reading of the transcript of the hearing on Defendants' motion indicates that the district judge understandably struggled with Defendants' request for certification. [Ct. App. File, Exhibit 2] In addition, Defendants' counsel agreed that this was a troublesome question for the district court to address. [*Id.* at 32] Immediate appeals are not the norm, and in a close case, the district court should decide against certifying a judgment for immediate appeal. *Sundial Press*, 114 N.M. at 240, 836 P.2d at 1261.

As explained by our Supreme Court, appellate courts, as a matter of policy, are not inclined to allow appeals on a piecemeal basis, and we will not entertain an appeal where the grant of partial summary judgment may have a substantial impact on claims

6

or defenses that remain unresolved.  *See Banquest/First Nat'l Bank of Santa Fe v. LMT, Inc.*, 105 N.M. 583, 585, 734 P.2d 1266, 1268 (1987) (discussing the possibilities that the appellate court may be required to review the same issues more than once, that attorney fees may arise for work on counterclaims, and that the trial court may decide, after further consideration, that a counterclaim is meritorious).  We believe that the adjudicated issues and the non-adjudicated issues are intertwined and that all of the issues must be resolved by the district court before the judgment is final.

For the reasons discussed in this opinion and in our calendar notice, we hold that it was error to certify this appeal under Rule 1-054.   We dismiss the appeal.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

7